**UNITED STATES of America**
v.
**Thomas E. McCLURE, Appellant.**
**No. 71–1048.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 25, 1972.

Decided Nov. 16, 1972.

Mr. Pierre E. Dostert, Washington, D. C., for appellant.  Mr. Herbert A. Rosen-

thal, Washington, D. C., also entered an appearance for appellant.

Mr. Robert D. Zsalman, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Robert W. Ogren, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

On December 5, 1969, an indictment was returned against appellant charging him with embezzlement of funds and collateral belonging to a Federal Credit Union in violation of 18 U.S.C. § 657 (1970), and participation in a fraudulent loan scheme in violation of 18 U.S.C. § 1006 (1970), on March 16, 1966.  His efforts in the District Court to have the indictment dismissed for alleged prejudicial delay in beginning the prosecution were unsuccessful and he was convicted on all charges.  On appeal he argues that under the principles announced in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the indictment should have been dismissed.

■■ *Marion* makes clear that the speedy trial clause of the Sixth Amendment "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution."  *Id.* at 313, 92 S.Ct. at 459.  The due process clause of the Fifth Amendment, on the other hand, "require[s] dismissal of the indictment if it [is] shown at trial that the pre-indictment delay in [the] case caused substantial prejudice to [the accused's] rights to a fair trial and that the delay was a purposeful device to gain tactical advantage over the accused."  *Id.* at 324, 92 S.Ct. at 465.*  *See also* United States v. Parish, 152 U.S.App.D.C. 72, 468 F.2d 1129 (1972).

---

* Since *Marion* clearly requires a showing of actual prejudice, and here there was no showing of actual prejudice, we need not consider in this case whether, or to what extent, an additional showing, like intentional delay by the prosecutor to gain a tactical advantage over the accused, must be made.

In an effort to overcome any prejudice which might have resulted from the delay in prosecution, the Government here made available to the defense all the records it would use in the prosecution of its case. At the beginning of the trial appellant's counsel announced that he was satisfied with the discovery afforded him and that he had received from the Government's file the materials he wanted. All the materials furnished related to the Government's case-in-chief. Appellant took the stand, however, and stated during direct examination that while he was employed at the Credit Union he was never involved in any misapplication of funds. Whereupon in rebuttal the Government was allowed to show that appellant was indeed involved in a spurious Credit Union loan arrangement with one Rosenberger not included as a count in the indictment because the statute of limitations had run on it.

Appellant urges in this court that he was prejudiced by the delay in bringing prosecution in that he was not certain he had received all of the documents concerned with the incidents in suit to refresh his recollection and to prepare his defense. He also argues that the evidence concerning the spurious loan to Rosenberger took him by surprise since he was not furnished before trial with copies of the documents relating to that loan.

While the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), delineated in detail the considerations to be weighed in determining whether or not there is a violation of the Sixth Amendment in connection with delay of trial, in *Marion* the Court was satisfied to say that as to pre-prosecution delay it "need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the dismissal of the prosecution." 404 U.S. at 324, 92 S.Ct. at 465. It was sufficient

for the Court there that no actual prejudice was found.

■■ As in *Marion,* we fail to find in this case actual prejudice resulting from the long delay in prosecution, and hence do not reach the additional question of determining whether the delay was intentional. The Government's evidence here was largely documentary and appellant was furnished in advance of trial with copies of the documents. Moreover, the prosecution did not take him by surprise, for he knew when he was separated from his job with the Credit Union that his actions were under criminal investigation. *Compare* Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). Indeed, he sought the advice of counsel at the time. It is true that appellant was not furnished the documents concerning the Rosenberger incident, but the Government had no reason to expect that the facts concerning that event would be material evidence in the trial of the case on direct, cross or rebuttal. They only became so when the defendant testified that he had never been involved in a misapplication of the funds of the Credit Union. Where the defendant makes such a statement unrelated to the specific issues on trial in an effort to improve his position with the jury, it is only fair that the Government be allowed to show through documentary evidence that the truth is otherwise. *See* Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). Nor is there any reason for the Government to have anticipated such an expansive statement from the defendant in view of the circumstances of this case.

Unquestionably, the delay in this case was unreasonable and the Government has made no serious effort to account for it. Under the circumstances the Government was well advised to afford appellant the discovery it did.

Affirmed.