**UNITED STATES of America**
**v.**
**Joseph N. WILLIAMS.**
**Crim. No. 677–72.**

United States District Court,
District of Columbia.

Jan. 3, 1973.

Sol Z. Rosen, Washington, D. C., for defendant.

Robert Tignor, Asst. U. S. Atty., for the Government.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case came on before the Court on November 14, 1972 for the taking of testimony and oral argument on Defendant's Motion to Dismiss Indictment alleging prejudicial pre-arrest delay in prosecution. Defendant maintained that the delay between the dates of the alleged criminal acts enumerated in the indictment and the date of his arrest is violative of the guidelines of Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). Defendant also alleged that the delay was "willful, purposeful and designed to deny the Defendant a speedy trial as guaranteed by the constitution." The Government vigorously opposed Defendant's motion and presented testimony as to the nature and purpose of the pre-arrest delay at the pre-trial hearing. The testimony of Sergeant Louis Hankins of the Metropolitan Police Department, and Assistant United States Attorney Harold Sullivan showed that the purpose of the undercover investigation involving Metropolitan Police Officer Rick Ford was the penetration of certain major narcotics traffickers.

By Order dated November 21, 1972, the Court denied Defendant's Motion to Dismiss the indictment and on November 28, 1972 the Defendant was tried and convicted by a jury of seven counts of narcotics violations including Unlawful Sale of a Narcotic Drug, 26 U.S.C. 4705(a); Purchase and Sale of Narcotic Drugs not in the Original Stamped

Package, 26 U.S.C. 4704(a); and Unlawful Distribution of a Controlled Substance, 21 U.S.C. 841(a).

■ The two prime factors to be considered in the so-called "narcotic-delay cases" are (1) the reasonableness of the delay, and (2) the resulting harm, if any, to the accused. Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847, decided January 3, 1972.

■ In determining whether prearrest delay gives rise to a valid Fifth Amendment claim, consideration must be accorded the Government's justification for the delay; the effect of delay upon defendant's ability to prepare his defense; and the quality of the Government's proof. Robinson v. United States, supra, at pp. 851–852. Dismissal of an indictment based upon pre-arrest delay is warranted only if such delay is purposefully devised "to gain tactical advantage over the accused" and is likely to prejudice defendant's "rights to a fair trial." United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971); United States v. McClure, D.C.Cir., 473 F.2d 81, decided November 16, 1972.

■ The Court finds that the Defendant was on the Metropolitan Police Department's list of major violators during 1971 and was one of the targets of a police investigation of principal narcotics traffickers within the District of Columbia from January 28, 1971 to May 2, 1972; that the extended duration of Officer Ford's undercover activities to March, 1972 was essential to the success of that investigation; [1] that throughout the duration of Ford's undercover activities the Metropolitan Police were considerate of the Defendant's right to timely arrest; [2] that if Defendant had been arrested prior to March, 1972, the success

of the investigation would have been substantially jeopardized; and that the Metropolitan Police Department's decision to continue Ford's undercover activities through the spring and summer of 1971 to March, 1972 was not only warranted but was, in the public interest, clearly compelled by the circumstances attendant to the investigation. United States v. Marion, supra; United States v. Parish, 468 F.2d 1129, decided September 25, 1972; United States v. Washington, D.C.Cir., 463 F.2d 904 (1972); Robinson v. United States, supra; cf. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Bishton, D.C.Cir., 463 F.2d 887 (1972), at 891.

Defendant testified at trial that he never sold narcotics to Officer Ford and that though he may have been employed by a relative at the time of the offenses charged he had made no attempt to contact his employer. The Court finds that the Defendant was not prejudiced by the delay preceding his arrest. United States v. McClure, supra; United States v. Washington, supra; Robinson v. United States, supra.

The Court further finds that the large size of the narcotics transactions charged in the instant case, the circumstances preceding their consummation and the experience of the undercover officer are factors which readily distinguish this case from the single $4.50 narcotic sale at issue in Ross and render the possibility of misidentification quite remote. Washington v. United States, supra; Robinson v. United States, supra; United States v. Mills, D.C.Cir., 463 F.2d 291 decided January 3, 1972.

■ Inasmuch as the delay preceding Defendant's arrest was neither unreasonable nor prejudicial, such delay clear-

---

1. *Compare*, Ross v. United States, 121 U.S. App.D.C. 233, 235, 349 F.2d 210, 212, wherein the Court noted that the undercover officer's activity during the latter months of the investigation was duplicitous.

2. *Compare*, Ross v. United States, supra n. 1, 121 U.S.App.D.C. at 236, 349 F.2d at 213.

**1390**

ly fails to support a Fifth Amendment claim. Nor does the Court find the approximately five months intervening between Defendant's arraignment and trial prejudicial or unreasonable and therefore does not constitute a denial of Defendant's rights under the Sixth Amendment. Barker v. Wingo, *supra*; United States v. Parish, *supra*.