**UNITED STATES of America,
Plaintiff,**

v.

**Lawrence A. SHAFER et al.,
Defendants.**

**No. CR 74–165.**

United States District Court,
N. D. Ohio, E. D.

March 29, 1974.

Robert Murphy, Paul Lawrence, John Hoyle, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Bernard Stuplinski, C. D. Lambros, Cleveland, Ohio, E. K. Wright, Dover, Ohio, Jack Schulman, Michael Diamant, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Defendants, Lawrence A. Shafer, William E. Perkins, and Mathew J. McManus, have moved for an order dismissing those portions of the indictment in this case which concern them, claiming that their Fifth Amendment rights to due process of law have been violated by the pre-indictment delay of the government. Defendants James D. McGee, James E. Pierce, Ralph W. Zoller, and Barry W. Morris have made similar motions, relying on Sixth Amendment rights, and the provisions of Federal Rule of Criminal Procedure 48(b), as well.

The Sixth Amendment and Rule 48(b) arguments of the second group of defendants will be dealt with first. In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), it was held that, "The Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused'." (404 U.S. at 313, 92 S.Ct. at 459), and, "Federal Rule of Criminal Procedure 48(b) . . . clearly is limited to post-arrest situations" (404 U.S. at 319, 92 S.Ct. at 462). Since, in the present case, as in Marion, none of the defendants were, "arrested, charged, or otherwise subjected to formal restraint prior to indictment" (404 U.S. at 325, 92 S.Ct. at 466), none can claim the protection of the speedy trial provisions of the Sixth Amendment, prior to the indictment. In such situations, the Supreme Court has stated that the indictment, itself, "transforms the appellees into 'accused defendants' who are subject to the speedy trial protections of the Sixth Amendment" (404 U.S. at 325, 92 S.Ct. at 466).

These same defendants press an argument that they had "become accused" prior to formal indictment, by reason of the publicity surrounding the Kent State incident. This argument fails for two reasons. First, it stands in direct contradiction to the substance of defendants' Fifth Amendment argument, that statements by Justice Department officials gave defendants no reason to believe they would ever be subjected to criminal prosecution for their actions at Kent State. Second, and more importantly, both the Supreme Court, in Marion, supra, and the Second Circuit Court of Appeals, have rejected the claim that "accused" status results from a defendant's mere "anxiety at the knowledge he was a target of a criminal investigation." United States v. Handel, 464 F.2d 679 (2nd Cir. 1972).

Therefore, defendants' Sixth Amendment claims must be rejected.

Although the Supreme Court in Marion, supra, rejected the Sixth Amendment as a basis for attacking indict-

ments due to pre-indictment delay, it was said that, "the Due Process Clause . . . would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused *substantial* prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused" (404 U.S. at 324, 92 S.Ct. at 465, emphasis supplied).

While the Supreme Court has not, as yet, made it clear whether a defendant must prove that pre-indictment delay was "intentional", as well as "actually prejudicial," United States v. McClure, 473 F.2d 81, 82 (D.C.Cir. 1972), such an inquiry becomes necessary only if "actual prejudice" is found. United States v. McClure, *supra.* While the political delays alleged by defendants might constitute the equivalent of "intentional delay" necessary to meet that portion of the *Marion* test, this factor is made irrelevant by the failure of defendants to demonstrate the required actual and substantial prejudice.

■ In *Marion* and, thereafter, in numerous Courts of Appeals, it was made painfully clear that merely *potential* prejudice as opposed to actual and substantial demonstrated prejudice is insufficient to invoke Fifth Amendment due process protections. The Second Circuit Court of Appeals, in United States v. DeMasi, 445 F.2d 251 (2nd Cir. 1971), held that, "however, the courts will not presume the existence of prejudice from the mere fact of delay alone" (at 255). In *DeMasi* it was suggested that relevant factors to be considered in evaluating whether real, actual prejudice has occurred to the defendants' ability to receive a fair trial include whether: (1) his freedom of movement was curtailed; (2) the defendant was subjected to derogatory publicity: (3) key witnesses have died or become unavailable; (4) loss of memory or destruction of actual evidence can be proven.

In United States v. Parish, 152 U.S. App.D.C. 72, 468 F.2d 1129, 1133 (1972), the Court held that, under *Marion*, a defendant must show, first, that lost evidence or testimony would have been helpful to his defense; second, that such evidence would have been significant; and, third, that there exists a "nexus between the delay and the unavailability" of the evidence (468 F.2d at 1136). Mere claims of "faded memory" have frequently been held not to constitute "actual and substantial prejudice" as is required by the *Marion* test. United States v. Emory, 468 F.2d 1017 1020 (8th Cir. 1972); United States v. Ferrara, 458 F.2d 868, 875 (2nd Cir. 1972); United States v. Giacalone, 477 F.2d 1273 (6th Cir. 1973).

Rather, the type of substantial prejudice required is that found by the Court in United States v. Wilson, 492 F.2d 1345 (3rd Cir. 1973), where the "only witness who could explain the circumstances . . . became terminally ill during the period of unreasonable delay" (492 F.2d at 1348). In contrast to that situation it was held in United States v. Galardi, 476 F.2d 1072 (9th Cir. 1973), that, "the assertion that a missing witness might have been useful, does not show the 'actual prejudice' required by *Marion*" (476 F.2d at 1075).

■ In the instant case, neither group of defendants has ever alleged the sort of actual and substantial prejudice required by *Marion* to dismiss the indictment for pre-indictment delay by the government. On the contrary, repeating the very language which has frequently been held by the courts to be insufficient, defendants claim that "memories have faded" and that "the delay works a hardship on them that may prove impossible to overcome." Defendants claim that, "physical evidence which may have existed immediately subsequent to the time of the incidents is no longer available," without specifying what evidence no longer exists, why it would have been helpful to defendants' defense, or how its destruc-

tion is related to the delay. The blanket assertion that, "obviously, with the passage of such a long time recollection and testimony fade and evaporate, documents may be lost," will not support a dismissal of indictments due to pre-indictment delay.

In addition, defendants would be particularly hard-pressed to demonstrate actual prejudice in this case, due to the extraordinary extent to which pretrial discovery has been ordered. Defendants have obtained access to virtually all of the investigatory reports and material unearthed by the government in its initial investigations, and are thus placed on an essentially equivalent footing with the government at the time of trial.

■ Defendants, McGee, Pierce, Zoller and Morris have moved additionally for an evidentiary hearing on their Motion to Dismiss, claiming that "they should be permitted to establish by competent evidence the factual basis for their Motion to Dismiss." Such a hearing is appropriate only after a defendant specifically alleges facts, witnesses, or documents which have become unavailable due to the delay, and which would have been of material value to his defense. Such a hearing then allows the defendant to demonstrate the alleged force of the testimony at trial, and the nexus of the alleged prejudice with the delay.

Here, however, the defendants are in the same position as that described by the Court in United States v. Pritchard, 458 F.2d 1036 (7th Cir. 1972), where the Court held that "the defendant alleged nothing in his motion which entitled him to an evidentiary hearing on an issue of actual prejudice alleged to have resulted from the delay. His motion speaks only of a potential prejudice predicated on the pre-indictment delay itself" (458 F.2d at 1038). Defendants have not alleged such specific and actual prejudice which would entitle them to a hearing on their Motion to Dismiss.

Defendants' Motion to Dismiss must, then, be denied, subject to reconsideration if there is a sufficient showing of prejudice at trial. If specific and substantial prejudice does appear at trial, defendants may renew their motion at that time. At present, however, the Motion to Dismiss the Indictment and the Motion for an Evidentiary Hearing are denied.

It is so ordered.