**UNITED STATES of America**

v.

**Philip T. MAHONEY.**

**Crim. No. 88–0216–OG.**

United States District Court, District of Columbia.

Oct. 5, 1988.

Diane R. Kilbourne, Stuart A. Berman, U.S. Dept. of Justice, Washington, D.C., for U.S.

Amy S. Berman, McLean, Va., for defendant.

### MEMORANDUM

GASCH, Senior District Judge.

These matters come before the Court pursuant to the defendant's pretrial motion to dismiss for lack of jurisdiction, the defendant's pretrial motion to dismiss for preindictment delay, defendant's motion to compel discovery and the United States' motion for reciprocal discovery.

## I. DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The defendant argues in his motion to dismiss for lack of jurisdiction that the District of Columbia grand jury, in investigating the events that form the basis of the indictment in this case, exceeded the scope of its lawful authority. Defendant, accordingly, moves this Court to hold that

the allegedly false statements for which defendant has been indicted could not, as a matter of law, be "material" to a proper inquiry of the grand jury. The Court cannot so hold.

The broad scope of a grand jury's investigatory power is well established. As the United States Supreme Court noted in *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), "[a] grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.' " *Id.* at 701, 92 S.Ct. at 2667 (quoting *United States v. Stone,* 429 F.2d 138, 140 (2d Cir. 1970)). In *United States v. Neff,* 212 F.2d 297 (3d Cir.1954), the Court of Appeals for the Third Circuit noted that:

> The scope of a Grand Jury investigation is not limited by the probable result of its inquiry or by doubts whether any particular individual will be found properly subject to an accusation for crime.... At least, the court and grand jury have authority and jurisdiction to investigate the facts in order to determine the question whether the facts show a case within their jurisdiction.

*Id.* at 301–02 (footnotes omitted).

The defendant relies on *Brown v. United States,* 245 F.2d 549 (8th Cir.1957). In that case, the Court of Appeals reversed an appellant's perjury conviction where it found the evidence showed that

> the Nebraska grand jury ... caused the defendant to be brought before it ... with a view to prosecuting him for perjury and without any purpose of obtaining from him any evidence upon which, in whole or in part, it could find a true bill against anyone for any offense committed in whole or in part in Nebraska, and that such a purpose does not come within the competency of the grand jury....

*Id.* at 554. *Brown* is readily distinguishable from the present case where the District of Columbia grand jury was investigating alleged bid rigging among at least two companies incorporated in the District of Columbia with offices in the District of Columbia, and where overt acts in furtherance of alleged conspiracies committed elsewhere may have occurred in the District of Columbia. The *Brown* court, in fact, expressly limited its holding not to include situations such as those presented in the present case "[I]f a conspiracy is what the inquiry is directed at, the acts and conduct of the alleged conspirators that may have occurred in a district other than that where the grand jury is sitting may be gone into." *Id.*[1]

This Court cannot now hold, as a matter of law, that the District of Columbia grand jury in this case exceeded the scope of its lawful authority and that the testimony of defendant Mahoney that forms the basis of the indictment was not, therefore, material to a proper inquiry of that grand jury. The government, however, will be required to prove materiality at trial because "[a] conviction under 18 U.S.C. § 1623 must be based upon grand jury testimony which is material to a proper inquiry of the grand jury." *United States v. Beitling,* 545 F.2d 1106, 1109 (8th Cir. 1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 597 (1977).[2] The defendant's pretrial motion to dismiss for lack of jurisdiction must be denied.

## II. DEFENDANT'S MOTION TO DISMISS FOR PREINDICTMENT DELAY

The defendant also moves the Court to dismiss the indictment in this case for preindictment delay. Defendant argues that he testified to the grand jury on September 26 and 27, 1984 and the United States suspected at that time that defend-

---

1. Similar claims of lack of grand jury jurisdiction based on *Brown v. United States,* 245 F.2d 549 (8th Cir.1957), have been rejected by this Court when presented in circumstances similar to the present case. *See United States v. Murphy,* —— F.Supp. ——, Crim. No. 86–0435 (D.D.C. February 24, 1987).

2. "The issue of materiality is a question of law to be decided by the court in light of the circumstances surrounding the grand jury's investigation." *Id.*

ant's testimony was false, but that defendant was not indicted until June 9, 1988.

The United States Supreme Court noted in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), that "'the applicable statute of limitations ... is ... the primary guarantee against bringing overly stale criminal charges.'" *Id.* at 322, 92 S.Ct. at 464 (quoting *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966)). The Court recognized, however, that if preindictment delay is so substantial as to prejudice a defendant's right to a fair trial, the Due Process Clause of the Fifth Amendment may necessitate dismissal. *Id.* 404 U.S. at 324, 92 S.Ct. at 465.

To prevail on his claim that the Due Process Clause requires this case to be dismissed, the defendant must demonstrate first, that he was actually prejudiced by the preindictment delay; and second, that the delay was a purposeful device to gain a tactical advantage over the accused. *Marion*, 404 U.S. at 324, 92 S.Ct. at 465.[3] Simply demonstrating *either* prejudice or intentional delay alone is not sufficient to establish this claim. *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977) ("*Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused"); *see United States v. McClure*, 473 F.2d 81, 83 (D.C.Cir.1972) (finding delay that was "unquestionably" unreasonable, but affirming conviction because of absence of actual prejudice).

■ In this case, defendant has not established that he is entitled to dismissal for preindictment delay. First, the defendant fails to establish actual prejudice. Defend-

ant asserts only that "it is extremely difficult to recall the specifics of [events] that occurred eight or more years ago." Defendant's Motion to Dismiss Indictment for Preindictment Delay at 5. Defendant further notes that he experienced a family tragedy in 1986 which "drained [his] energy and emotional resources, and contributes to the diminution of his memory of preceding events." *Id.* As the government notes, the defendant does not allege that his memory has *in fact* failed—only that "it is extremely difficult" to recall the events of several years ago.

The Court of Appeals for this Circuit interpreted the Supreme Court's opinion in *Marion* to reject the "faded memory" argument. In *United States v. Bridgeman (Matthews)*, 523 F.2d 1099 (D.C.Cir.1975), *cert. denied*, 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206 (1976), the Court noted that defendants had alleged "only a general dimming of memories and loss of evidence, varieties of prejudice the *Marion* court specifically rejected as 'not in themselves enough to demonstrate that [defendants] cannot receive a fair trial.'" *Id.* at 1112.[4]

Defendant also points out the circumstances that have changed and argues that the delay "has unnecessarily increased the difficulty of mounting a defense in this case." Defendant's Motion to Dismiss Indictment for Preindictment Delay at 5–6. Even accepting defendant's contention at face value, this falls far short of establishing actual prejudice. Courts have rejected many substantial "difficulties" encountered by defendants as failing to establish actual prejudice. *See United States v. Jones*, 808 F.2d 561, 567 (7th Cir.1986) (bald assertions that one witness became unavailable and another witness' memories faded not sufficient to show prejudice), *cert. denied*, —— U.S. ——, 107 S.Ct. 1630, 95 L.Ed.2d 203

---

**3.** *Marion* makes clear that the speedy trial clause of the Sixth Amendment is not applicable in the context of preindictment delay. *Id.* at 313, 92 S.Ct. at 459.

**4.** At least two other courts of appeals similarly have held that a defendant's unsubstantiated claim of faded memory does not establish the requisite degree of prejudice needed to establish a due process violation. *See United States v.*

*Brock*, 782 F.2d 1442, 1444 (7th Cir.1986) (claim that defendant "hardly is in a position to attempt to recall and reconstruct events that occurred seven, eight, nine or ten years ago" not prejudice); *United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir.1986) (defendant's alleged failure of memory does not support finding of prejudice).

(1987); *United States v. Russo*, 796 F.2d 1443, 1451 (11th Cir.1986) (general allegations of prejudice due to lost witnesses and evidence insufficient to establish prejudice); *United States v. Duncan*, 763 F.2d 220, 222 (6th Cir.1985) (assertion that witness who was once willing to testify is now unwilling is insufficient prejudice to justify dismissal).

The defendant also fails to establish that the delay between testimony and indictment was a "purposeful device to gain a tactical advantage over the accused," the standard articulated by the Supreme Court in *Marion*, 404 U.S. at 324, 92 S.Ct. at 465. The defendant's argument with respect to the second test is that "the United States had *sufficient grounds* to seek the indictment of Philip Mahoney immediately after his grand jury testimony, but it deliberately delayed taking any such action." Defendant's Motion to Dismiss Indictment for Preindictment Delay at 2 (emphasis provided). At another point in his motion, defendant argues that "the attorneys of the Antitrust Division had a *basis to conclude* that Mahoney did participate in bid rigging well in advance of his grand jury testimony. [In fact,] Department of Justice attorney L. John Schmoll approached Peter White, then counsel for Mahoney [immediately upon releasing Mahoney from the grand jury] and expressed his opinion that Mahoney had not been truthful." *Id.* at 4 (emphasis mine). The gist of defendant's argument is that it was incumbent on the United States to seek an indictment as soon as the government suspected Mahoney or as soon as it had probable cause.

The United States Supreme Court rejected a similar argument in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977):

> It requires no extended argument to establish that prosecutors do not deviate from "fundamental conceptions of justice" when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt.

*Id.* at 790–91, 97 S.Ct. at 2048–49.

■ The United States' opposition memorandum presents a detailed chronological review of the progress of the investigation, substantiated by affidavits. *See* United States' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Indictment for Preindictment Delay ("Opposition") at 2–10. The government establishes that in its opinion, sufficient information did not exist to warrant recommending an indictment against the defendant until late 1987.[5] As the Su-

---

**5.** Defendant argues in his reply that none of the new witnesses obtained by the government directly implicated the defendant. Defendant's Reply to Government's Opposition to Defendant's Motion to Dismiss Indictment for Preindictment Delay at 2–3. The defendant, however, has a fundamental misunderstanding of what the government is asserting. The thrust of the government's argument is that new information acquired in 1986 and 1987 helped to clarify that the defendant's testimony in 1984 was false. The government asserts that "[t]he information derived from the Moccasin Bend, Lofgren, and Murphy cases and from the Lord employees indicated that significant portions of defendant's grand jury testimony relating to Moccasin Bend to numerous other matters, had been perjurious." Opposition at 9. Whether the defendant was *directly implicated* by any of the new witnesses is not determinative. If the United States, in the exercise of its prosecutorial discre-

tion, believed that it did not have sufficient evidence earlier than 1987 to establish defendant's guilt beyond a reasonable doubt, it had no obligation to bring charges.

The Court's analysis should not be misunderstood to require the government to rebut a claim of "purposeful" preindictment delay by demonstrating that some actual and legitimate benefit resulted from the delay. Even if the preindictment delay produced *no* new evidence helpful to the government, the delay is not automatically rendered a "purposeful device to gain a tactical advantage over the accused," within the meaning of *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). As the United States Supreme Court noted in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977):

> It might be argued that once the Government has assembled sufficient evidence to prove guilt beyond a reasonable doubt, it

preme Court noted in *Lovasco*, "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." *Id.* at 790, 97 S.Ct. at 2049. Accordingly, this Court should not second guess the prosecutor's discretion about when to seek an indictment.

## III. DISCOVERY MOTIONS

The United States and the defendant both agreed in open court to label their trial exhibits and to make the same available to the opposing party by October 10, 1988. The defendant also moves the Court to order the United States to provide him with a Bill of Particulars. Upon review of the indictment, the Court is satisfied that the indictment charges with adequate specificity so that defendant is made aware of the nature and circumstances of the charges against him.

should be constitutionally required to file charges promptly, even if its investigation of the entire criminal transaction is not complete. Adopting such a rule, however, would have many of the same consequences as adopting a rule requiring immediate prosecution upon probable cause. *Id.* at 792, 97 S.Ct. at 2050.