**UNITED STATES of America,**
**Appellee,**

v.

**Patrick EMORY, t/n Patrick Emery,**
**Appellant.**

**No. 72–1101.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Oct. 24, 1972.

Sherman Bergstein, Minneapolis, Minn., for appellant.

Elizabeth A. Egan, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY,* District Judge.

MEHAFFY, Circuit Judge.

This case arises out of a criminal prosecution for the sale of stimulant drugs in violation of 21 U.S.C. § 331(q)(2).[1] The defendant, Patrick Emery, waived his right to a jury, and the trial was heard in the United States District Court for the District of Minnesota by The Honorable Gerald W. Heaney, United States Circuit Judge, sitting by designation. Throughout this case defendant has admitted his participation in the transaction in question. His defenses have been entrapment, undue delay on the part of the prosecution, and refusal to make a government informant available. At the conclusion of the trial defendant was found guilty as charged, and he was subsequently given an indeterminate sentence under the provisions of the Youthful Offenders Act. As grounds for reversal defendant argues the same three points that constituted his defense below: (1) that he was entrapped as a matter of law; (2) that he was prejudiced in presenting his defense by delay in prosecution; and (3) that he was denied access to a key government witness, thus making adequate preparation of his defense impossible. We find no merit in his contentions and the judgment of conviction is therefore affirmed.

The evidence adduced at the trial concerning the sale and its surrounding circumstances can be summarized briefly. On December 13, 1969 defendant sold some 600 tablets of dl-methamphetamine to Tom Liley, a paid government informant, and two agents of the United States Bureau of Narcotics and Dangerous Drugs. Defendant testified that he made the sale only after repeated entreaties from Tom Liley who allegedly needed the drugs to satisfy "some mafia types" who were "leaning on him." Defendant acknowledged that before the sale he had not known Tom Liley well. Defendant claimed that his concern for Tom Liley's safety stemmed from the fact that Liley's brother Pat was his roommate and best friend. The government informant, Tom Liley, testified that he may have solicited drugs from defendant more than once, but he could not remember how often, nor could he remember claiming that the "mafia" was "leaning" on him. Agents Muhlhauser and Walsh testified that they had never represented themselves to defendant as being members of the mafia. It is undisputed that defendant did not have the drugs in question in his apartment. Instead, defendant obtained the drugs from a third party and immediately resold them to Liley, Muhlhauser, and Walsh who were waiting outside. Defendant claims that he had never sold drugs before, that he made no profit on this sale, and that he acted merely as a go-between to help his roommate's brother out of trouble. Finally, there was conflicting testimony concerning a meeting on December 15, 1969, at which defendant allegedly offered to make a second sale of drugs to Tom Liley and agent Muhlhauser.

■ Defendant contends that, on the facts stated above, he has established entrapment as a matter of law. To support this contention defendant analogizes his case to Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). While defendant undoubtedly made a sufficient showing on the issue of entrapment to have that question submitted to the factfinder,[2] we cannot

---

* Sitting by designation.

1. Replaced by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, § 701(a), 84 Stat. 1281. See U.S.Code Cong. & Ad. News, pp. 1437, 1491 (1970).

2. In Kibby v. United States, 372 F.2d 598 (8th Cir.), cert. denied, 387 U.S.

agree that entrapment was established as a matter of law. In *Sherman* there was clear and undisputed proof that the government agent had preyed upon a reforming addict's sympathy for another addict undergoing withdrawal. Furthermore, affirmative efforts by the government failed to reveal that Sherman possessed any other quantities of drugs, much less that he was engaged in the trade of selling them. In this case the claim of sympathy for the government informant is much less powerful. The testimony regarding the number and nature of the requests for drugs by the government informant is seriously clouded by the selective recollection of both defendant and Tom Liley. Finally there is at least some indication that defendant offered to make further sales of drugs. In such a state of facts, the question of entrapment is properly left to the factfinder who has the advantage of observing the demeanor of the defendant and the other witnesses in order to judge their credibility.

 Defendant next contends that he was denied due process by the delay in bringing his prosecution.[3] The delays involved were approximately as follows: ten months from offense to the filing of charges, five and one-half months from complaint to indictment, and four months from indictment to trial.[4] Defendant argues that the government's delay in pursuing the prosecution was deliberate and that defendant's capacity to prepare a defense was thereby diminished. This claim must be distinguished from the situation in which a defendant's capacity to prepare his defense is substantially impaired by a deliberate prosecutorial delay devised for the purpose of gaining a tactical advantage over the accused.[5] Here the initial prosecutorial delay was deliberate only in the sense that it was necessary to permit a far-reaching undercover investigation of the illegal drug traffic to reach completion.[6] Once that investigative operation was completed, charges against defendant, as well as many others, were promptly filed. Similarly, the delay from accusation to trial was deliberate only in the sense that the government could have pursued defendant's case

931, 87 S.Ct. 2055, 18 L.Ed.2d 993 (1967), we held that, as a matter of law, a government agent's mere offer to buy narcotics does not constitute entrapment. In making that decision we noted that "if the informer does more, such as offer the defendant substantial financial reward, feigns severe illness or repeatedly cajoles or implores the defendant to violate the law, a factual issue of entrapment may then be presented." 372 F.2d at 602 n. 5. Since that time we have consistently adhered to the principles set out in Kibby. E. g., Taylor v. United States, 390 F.2d 278 (8th Cir.), cert. denied, 393 U.S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137 (1968); McWilliams v. United States, 394 F.2d 41, 46–47 (8th Cir. 1968), cert. denied, 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593 (1969).

3. Defendant does not argue that he was denied a speedy trial in violation of the Sixth Amendment. Indeed, such a claim could not be raised with regard to the ten month delay from the offense to the date criminal charges were filed. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). It also seems clear that the five and one-half month delay from complaint to indictment and the four month delay from indictment to trial do not amount to a Sixth Amendment violation under the balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

4. The date of the alleged offense was December 13, 1969. The criminal complaint was filed on October 16, 1970. The indictment was returned on March 29, 1970. The trial was held on July 30, 1971.

5. Such a delay would clearly be a violation of due process. United States v. Marion, *supra* note 3, 404 U.S. at 324, 92 S.Ct. 455.

6. The scope of this investigation is evidenced by the number of cases that have come before us arising out of the same government effort. *See, e. g.,* United States v. Simon, 453 F.2d 111 (8th Cir. 1971); United States v. Brown, 453 F.2d 101 (8th Cir. 1971); United States v. Smith, 452 F.2d 404 (8th Cir. 1971); United States v. Haley, 452 F.2d 398 (8th Cir. 1971); United States v. Haley, 452 F.2d 391 (8th Cir. 1971).

more rapidly. It is not seriously claimed here, nor was it proven at the trial level, that this pre-trial delay was a deliberate device on the part of the government to gain a tactical advantage over defendant.[7] The factor which is ultimately determinative of this issue, however, is that defendant has not succeeded in establishing any actual, substantial prejudice that resulted from the prosecutorial delay. The only showing of actual prejudice we have before us is defendant's bare claim of faded memory. Defendant would have us follow Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), and hold that such a speculative showing of prejudice is sufficient, at least in a narcotics case. As we have noted in previous decisions, Ross is a case that we are not inclined to apply broadly.[8] For our purposes here, it is sufficient to note that the case is inapposite. Ross involved a narcotics conviction after a seven month delay, which was based on the testimony of a single undercover agent. The inherent weaknesses of the government's case against Ross, especially with regard to identification, were the chief focus of the court's concern. Since defendant has admitted the transaction involved in this prosecution, we are not confronted with the considerations present in Ross. Without something more than a bare claim of faded memory, we cannot conclude that defendant was substantially prejudiced in the preparation of his entrapment defense.

■■ Defendant's final contention is that he was deprived of due process by the prosecution's failure to make Tom Liley, the government informant, available during the preparation of defendant's defense. It is true that in appropriate circumstances the government must disclose the identity of unknown informants. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Here the identity of the informant was disclosed. This disclosure was made more than two months before the date of defendant's trial and it included the last known address of the informant as well as his name. Although it appears that the address given to defendant was not sufficient to locate the informant, there is no indication that the government intentionally concealed the informant's whereabouts. The fact is simply that the government did not

---

7. Defendant's argument assumes that once actual prejudice due to delay is shown the burden is then cast upon the government to justify the delay. Appellant's Brief at 8. Since we find that defendant failed to demonstrate actual prejudice it is unnecessary for us to decide the extent and appropriate allocation of the burden. See generally United States v. Marion, supra note 3, 404 U.S. at 324–325, 92 S.Ct. 455; United States v. Deloney, 389 F.2d 324, 325 (7th Cir. 1968).

8. United States v. Golden, 436 F.2d 941, 945–946 (8th Cir.), cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971); Terlikowski v. United States, 379 F.2d 501, 505 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967). We are not alone in our hesitance to apply Ross freely. Indeed, it has become a common occurrence for circuit courts outside the District of Columbia to distinguish Ross both in due process and speedy trial claims, even though many of the claims are based on delays and other facts more extreme than Ross. E. g., United States v. Frost, 431 F.2d 1249, 1251 (1st Cir. 1970); United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966) (suggesting that Ross was based more on the supervisory responsibility of the D.C. Circuit than on constitutional grounds); United States v. Feldman, 425 F.2d 688, 691–692 (3d Cir. 1970); United States v. Baker, 424 F.2d 968, 969–970 (4th Cir. 1970); United States v. Judice, 457 F.2d 414, 415 (5th Cir. 1972) (Ross rejected on grounds that only the statute of limitations governs pre indictment delay); Lothridge v. United States, 441 F.2d 919, 922 (6th Cir. 1971) (Ross rejected in speedy trial claim on grounds that only the statute of limitations governs pre indictment delay); United States v. Napue, 401 F.2d 107, 113–115 (7th Cir. 1968); Whitted v. United States, 411 F.2d 107, 108–109 (9th Cir. 1969); Acree v. United States, 418 F.2d 427, 429–430 (10th Cir. 1969). Even the District of Columbia Circuit itself has limited the application of Ross. See Tynan v. United States, 126 U.S. App.D.C. 206, 376 F.2d 761 (1967).

know where Tom Liley was until he appeared in Minneapolis on the day of the trial. Under such circumstances we cannot find any violation of defendant's due process rights.

The judgment of conviction is affirmed.