**UNITED STATES of America,**
**Appellee,**

v.

**William Lawrence WHITE, Jr., a/k/a**
**Billy White, Appellant.**

**No. 73-1492.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Dec. 17, 1973.

Gary B. Garrison, Des Moines, Iowa, on brief for appellant.

Allen L. Donielson, U. S. Atty., and Robert L. Fanter, Asst. U. S. Atty., Des Moines, Iowa, on brief for appellee.

Before GIBSON and ROSS, Circuit Judges, and SMITH, Senior District Judge *.

GIBSON, Circuit Judge.

Defendant, William Lawrence White, appeals his jury conviction on a charge of distribution of heroin in violation of 21 U.S.C. § 841(a)(1).[1] He raises four contentions of error on appeal: (1) the District Court erred in giving a flight instruction; (2) the Government's failure to call the informant as a witness deprived him of a fair trial; (3) the defendant's motion to dismiss based upon a delay in filing charges should have been granted; and (4) his motion to dismiss due to a delay in trial caused by a withdrawal of a stipulation by the Government should have been granted. The facts necessary to a resolution of these issues will be set out in the course of this opinion.

### I. The Flight Instruction

The defendant argues that it was reversible error to instruct the jury that flight could be considered as evidence of guilt.[2] The transaction with which

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The trial was before the Honorable William Hanson, Chief Judge of the District Court for the Southern District of Iowa. The Honor-able William C. Stuart held the pretrial hearing upon defendant's motion to dismiss the indictment.

2. The instruction used by the court is substantially that found in I E. Devitt & C. Blackmar, Federal Jury Practice and In-

defendant was charged occurred September 27, 1972. A complaint was filed March 7, 1973, and an arrest warant was issued by a United States Magistrate the same day. It was during the attempted arrest of defendant pursuant to this warrant that the flight occurred. March 7th, at some time between 11:00 p. m. and midnight, the four agents of the Drug Abuse and Law Enforcement Agency, who had established surveillance of defendant's residence earlier in the evening, observed defendant walking in their direction across the street from their position in their car. As he approached, Agent Harker testified that he stepped from the car, identified himself as a federal agent, and said he had an arrest warrant for defendant's arrest. The defendant then began running from the agents and was caught a block and a half away. Defendant does not deny that he was in flight, although he does dispute that he was told they were federal agents. He testified that he ran because there were several men in the car and he didn't know any of them or their business with him.

This circuit has recognized the propriety of introduction of evidence regarding flight and instructing the jury thereon. Golliher v. United States, 362 F.2d 594, 604 (8th Cir. 1966); Gicinto v. United States, 212 F.2d 8, 11 (8th Cir.), cert. denied, 348 U.S. 884, 75 S.Ct. 125, 99 L.Ed. 695 (1954). And it is generally recognized that such a procedure is proper in appropriate cases. *See* II Wigmore on Evidence § 276 (3rd ed. 1940); *accord*, Shorter v. United States, 412 F.2d 428 (9th Cir.), cert. denied, 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969). Flight, however, may not be a

reliable indication of guilt, Alberty v. United States, 162 U.S. 499, 511, 16 S.Ct. 864, 40 L.Ed. 1051 (1896), and its propriety has been questioned. Wong Sun v. United States, 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Robinson, 154 U.S.App. D.C. 265, 475 F.2d 376 (1973); United States v. Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 376 (1973).

■■■ As the instruction itself states, the inference of guilt that may be drawn by the fact of flight only arises "immediately after the commission of a crime, or *after he is accused of a crime that has been committed"* (emphasis supplied). If the inference is to have any validity as an indication of guilt, the trial court should assure itself that some evidence exists regarding an accusation of the specific crime charged before instructing the jury that flight may be considered in its determination of guilt. Embree v. United States, 320 F.2d 666, 668 (9th Cir. 1963); *but see* Shorter v. United States, *supra* at 430. In the circumstances of this case, in which it is undisputed that the defendant was not advised of the crime he is now charged with at the time of his flight, the attempted arrest occurred over five months after the transaction charged, and there is no indication that defendant knew at the time of his flight that he was being sought for the crime charged, we do not think the jury could properly draw an inference of guilt from defendant's flight. The court, therefore, erred in giving the challenged instruction. However, we are convinced that this error was harmless due to the other proof at trial of defendant's participation in the crime charged. Fed.R.Crim.P. 52(a).

---

structions, § 11.18 (2d ed. 1970) and reads as follows:

The intentional flight or concealment of a defendant immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not of course sufficient in itself to establish his guilt; but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case, in determining

guilt or innocence. Whether or not evidence of flight or concealment shows a consciousness of guilt, and the significance to be attached to any such evidence, are matters for determination by the jury.

In your consideration of the evidence of flight you should consider that there may be reasons for this which are fully consistent with innocence.

## II. Failure to Call the Informant

We find no denial of due process in the fact that the Government failed to produce the informant as a witness. The rule in this circuit is that stated in United States v. Mosby, 422 F.2d 72, 74 (8th Cir.), cert. denied, 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571 (1970):

> Absent unusual circumstances such as knowingly concealing evidence favorable to a defendant, the Government has a wide discretion with respect to the witnesses to be called to prove its case. The Government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers.

Accord, United States v. Martin, 482 F.2d 202, 204 (8th Cir. 1973); United States v. Williams, 481 F.2d 735, 737 (8th Cir. 1973).

Here the identity of the informant was known to the defendant before trial. He had testified at the earlier trial of defendant which ended in a mistrial, and in reading that testimony we are unable to find any basis for concluding that the informer's testimony would have been favorable to the defendant. No adequate justification for circumscribing or limiting the discretion of the prosecutor on whether or not to call the informer has been advanced. Nor was this a case in which defendant relied on an entrapment defense that might require the Government to produce the informant at trial. United States v. Pollard, 479 F.2d 310 (8th Cir. 1973).

## III. Delay in indictment

We have recently considered the question of delay in indicting a defendant in United States v. Atkins, 487 F.2d 257 (8th Cir., 1973). The defendant claims his ability to present a successful alibi defense was prejudiced by the over five-month delay between the transaction (September 27, 1972) and the time he was indicted (March 21, 1973). In Atkins the period of delay was six months and a similar claim of prejudice to an alibi defense was presented. We found that defendant had not demonstrated sufficient actual prejudice to establish a denial of due process and so find here.

A delay between the commission of an offense and indictment may be a denial of due process, if prejudicial. Terlikowski v. United States, 379 F.2d 501 (8th Cir. 1967). The defendant must establish that actual, substantial prejudice has resulted from the prosecutorial delay. United States v. Emory, 468 F.2d 1017, 1020 (8th Cir. 1972); United States v. Golden, 436 F.2d 941, 943 (8th Cir.), cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971).

The defendant claimed that at the time of the transaction charged he was camping at Pine Lake State Park, which is 75–80 miles from Des Moines, the site of the crime. The testimony of Mr. and Mrs. Durrell, who were allegedly also at the campgrounds with defendant, was presented, and other disinterested parties testified that they saw two young couples, one black and one white, at the campground that date, although they could not identify the defendant. We note that this was because of the distances involved in viewing the couples at the campground and not due to the delay in indictment. The campground receipt was introduced to show that defendant registered there on September 27, 1972, and a friend testified that she saw the defendant returning to Des Moines the next day, apparently from a camping trip. The Government introduced the testimony of the four DALE agents who had observed the transaction. The defendant was able to present an arguable alibi defense. That the jury believed the Government's evidence and disbelieved the defendant's does not demonstrate sufficient actual prejudice to establish a due process violation.

*IV. Withdrawal of Stipulation*

■ The defendant contends that the trial court under Fed.R.Crim.P. 48(b) [3] should have dismissed the indictment, because the Government's withdrawal of a stipulation regarding an absent witness' testimony created a two-week trial delay. The defendant was indicted on March 21, 1973, and the first trial, which resulted in a mistrial, started on May 7, 1973, less than 60 days after indictment. The second trial commenced on May 29, 1973. This contention borders upon being frivolous; moreover, our standard of review is whether the trial judge abused his discretion in refusing to dismiss the indictment. Hodges v. United States, 408 F.2d 543 (8th Cir. 1969). We can find no abuse here.

Without attempting to detail the facts underlying this claim, it appears that there was a failure to communicate between the Assistant United States Attorney and defendant's counsel regarding the proposed stipulation. The district court had set an April 20, 1973, deadline for the stipulation; otherwise, he felt compelled to change the trial date, originally April 23, 1973. The defendant argues that the stipulation had been entered into by the parties before the court's deadline. The Government argues that there was an error in the stipulation, and therefore it informed the court on April 20th that it had not been agreed upon. The district court then changed the trial date to May 7, 1973. We believe this was a proper exercise of his judicial discretion and did not prejudice any right of the defendant. We are not presented with the question of whether the Government should have been allowed to withdraw the stipulation, because at the time the court changed the trial date it was not aware that the stipulation had been agreed upon. We believe that the less than 60-day period elapsing between indictment and the date of the first trial demonstrates an expeditious handling of the defendant's case and dismissal was not required by Rule 48(b).

Judgment of conviction affirmed.

may dismiss the indictment, information or complaint.

---

3. Rule 48(b) provides in pertinent part:
    * * * [I]f there is unnecessary delay in bringing a defendant to trial, the court