**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Karen G. WILSON, Defendant-Appellant.**

**No. 73–1922.**

United States Court of Appeals, Eighth Circuit.

Aug. 23, 1974.

Thomas M. Bradshaw, Asst. Federal Public Defender, W. D. of Mo., Kansas City, Mo., for defendant-appellant.

Bert C. Hurn, U. S. Atty., and Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for plaintiff-appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Karen G. Wilson appeals from a conviction following trial by jury of one count of a two-count indictment for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The trial judge (Judge John W. Oliver) suspended her sentence and placed her on probation for three years as a young adult offender subject to the provisions of the Federal Youth Corrections Act. *See* 18 U.S.C. §§ 5010(a) and 4209. At trial, the defendant admitted selling cocaine to an undercover agent but claimed the defense of entrapment. On appeal she reiterates that defense, arguing that the trial judge should have found entrapment as a matter of law. We find this contention to be without merit and affirm.

At the time of the incident, the defendant served as an employee of the Veterans Administration Hospital in Columbia, Missouri. A co-employee, Sharon Williamson, became suspicious that the defendant and several other employees were involved with drugs. On her own initiative, Ms. Williamson made an effort to become "friends" with the defendant and to gain her confidence. Ms. Williamson subsequently informed a friend of hers, Police Officer John Hei-

dy, an undercover narcotics agent with the Columbia, Missouri Police Department, that she believed Ms. Wilson was involved with illicit drugs. Eventually, Ms. Williamson introduced the defendant to Heidy and told the defendant that Heidy was her boyfriend. During the ensuing discussion, the defendant agreed to supply Heidy with some cocaine. About two weeks later, the defendant met Heidy and Ms. Williamson at a prearranged location and sold a small amount of cocaine to Heidy. The parties presented conflicting testimony about whether the defendant volunteered to obtain more drugs for Heidy. Several days later, Officer Heidy called the defendant for an appointment to arrange another purchase of cocaine. At the second encounter, after weighing the cocaine on scales provided by another government agent, the defendant made the sale to Heidy and the other government agent. Ms. Wilson was arrested several months later.

The entrapment defense rests on Ms. Wilson's claim that Ms. Williamson actually served as a government agent in inducing the defendant to enter the narcotic drug trade. While it is true that an undercover agent need not be a law enforcement official, *see* Sherman v. United States, 356 U.S. 369, 373–374, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the evidence, contrary to appellant's contention, does not conclusively establish an agency relationship between Ms. Williamson and the United States so as to make the government responsible for her actions. *Cf.* United States v. Laverick, 348 F.2d 708, 713 (3d Cir. 1965). However, even assuming that the requisite agency exists, the defendant has not established entrapment as a matter of law.

The Supreme Court in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), reiterated that the main element of the entrapment defense, previously set forth in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), and Sherman v. United States, *supra,* is the defendant's predisposition to commit the crime. 411 U.S. at 433, 93 S.Ct. 1637.

In support of her contention that she lacked sufficient predisposition, the defendant argues the following points. She notes that the evidence indicates that Ms. Williamson initiated most of the conversations about drugs. She further states that Ms. Williamson fabricated a story about her alleged marital difficulties in an attempt to gain sympathy from the defendant and falsely represented that Officer Heidy was her boyfriend. Finally, the defendant observes that she has no prior record of arrests or convictions and that government agents testified that they did not have any knowledge of her alleged involvement with drugs until Ms. Williamson first informed Officer Heidy. It is the defendant's contention that she made these sales only as an accommodation to Ms. Williamson.

The Government observes that there was testimony that the defendant was very knowledgeable about drugs and that some testimony indicated that appellant offered to obtain more drugs after the initial sale. In addition, Ms. Wilson did not make her second sale in the presence of Ms. Williamson, but instead sold the cocaine directly to Officer Heidy and another man she had never met before. While Ms. Wilson made a sufficient showing of lack of predisposition to justify the trial court in submitting that issue to the jury, the evidence did not warrant a determination that entrapment existed as a matter of law. *See* United States v. Emory, 468 F.2d 1017, 1018–1019 (8th Cir. 1972).

Affirmed.