**Robert Eugene WHITED, Appellant,**

v.

**Charles L. WOLFF, Jr., Appellee.**

**No. 74-1318.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Nov. 22, 1974.

William J. Riley, Omaha, Neb., for appellant.

Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant seeks habeas relief under 28 U.S.C. § 2254 (1970) from his imprisonment by the State of Nebraska after a burglary conviction. The district court,[1] after an evidentiary hearing and submission of written arguments, found that appellant's claims of due process deprivation were without merit and dismissed the petition. We affirm.

After exhausting his state remedies, appellant contended to the district court that he had been denied assistance of counsel at a critical stage of the proceedings against him. In addition, he alleged that the flagrant use of hearsay evidence by the prosecution and the breaks in the chain of possession of physical evidence used against him deprived him of a fair trial. Finally, appellant argued that he was denied due process when the trial court repeatedly permitted leading and suggestive questioning of prosecution witnesses. The district court in its unpublished memorandum and order made specific factual and legal determinations that are dispositive of each of these allegations. In the following discussion we have summarized the district court's findings and set out only those facts which are necessary to explain our affirmance as to each issue.

The major portion of the district court's memorandum was directed at appellant's contention that he was denied due process by the state's failure to appoint counsel for him until three weeks after the preliminary "bind over" arraignment in municipal court.[2] In this

---

1. The Honorable Robert V. Denney, United States District Court for the District of Nebraska.

2. We have hesitated to use the term "arraignment" with reference to the proceeding at which appellant waived his right to a preliminary hearing in the instant case. We note from the transcript of the § 2254 hearing that a former public defender stated that the primary function of this appearance was to determine whether a preliminary hearing needed to be held prior to binding over the defendant to district court. In fact, this was in no way a true arraignment since the municipal court, according to this witness, did not have the power to accept a guilty plea. For purposes of analysis, we have treated this proceeding as an element of the preliminary hearing.

initial appearance, appellant entered a perfunctory plea of not guilty and then waived his right to a preliminary hearing to determine probable cause.

Whited now contends that this uncounseled waiver deprived him of the opportunity to establish and preserve his alibi defense while witnesses still had fresh and accurate recollections of relevant events and times. He claims that any competent lawyer would have requested a preliminary hearing in order to record the testimony of these alibi witnesses. In his view, this loss of an effective alibi defense made this initial appearance in the municipal court a critical stage in the proceedings requiring appointment of counsel under the rationale in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and subsequent cases.

The right to counsel at a preliminary hearing was not recognized by the Supreme Court until 1970 in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and was subsequently held to be non-retroactive in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). However, appellant argues that comments in Justice Brennan's opinion in *Adams* make *Coleman* retroactive if actual prejudice constituting a denial of due process is shown to have taken place at the preliminary hearing. 405 U.S. at 285, 92 S.Ct. 916. Whited asserts that the waiver coupled with the three-week delay resulted in immeasurable yet substantial actual prejudice.

■ In response, the district court noted that at the time of Whited's initial appearance in municipal court which resulted in the waiver, a preliminary hearing in Nebraska was not a critical stage of the criminal proceedings requiring counsel as long as no testimony was taken, no admissions were made, and no guilty plea entered. Burnside v. Nebraska, 346 F.2d 88, 90–91 (8th Cir. 1965). However, the district court carefully considered appellant's "actual prejudice" argument from *Adams* and concluded that a three-week delay did not result in actual prejudice per se. *Cf.* United States v. White, 488 F.2d 660, 663 (8th Cir. 1973); United States v. Atkins, 487 F.2d 257, 259 (8th Cir. 1973).

■ The court further found that an examination of the trial testimony of the alibi witness for indications of actual prejudice revealed none. We agree with the court's conclusion that the witness's testimony does not indicate that the passage of time impaired his recollection.[3] Since no actual prejudice was shown, the district court properly rejected this argument.

■ With respect to appellant's other three claims, the district court found "no errors which rise to the level of a deprivation of due process." We agree.

Having carefully reviewed the facts and the record of this case in light of appellant's contentions, we affirm on the basis of Judge Denney's well-reasoned opinion.

Affirmed.

---

3. In support of this finding the district court's memorandum noted one particular exchange in the transcript which indicated that the alibi witness never could have provided appellant with any assistance. The following question was asked of and answered by the bartender who allegedly could have

established appellant's whereabouts at the time the crime was committed:

Q. Do you know what time of evening you asked him [appellant] to leave?

A. No, I didn't, sir, I don't pay—The only time I pay attention to the clock is when it starts getting late.