**UNITED STATES of America,**
**Appellee,**

v.

**Carl Henry JACKSON, Appellant.**

**No. 74–1045.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1974.

Decided Sept. 13, 1974.

Rehearing and Rehearing En Banc
Denied Oct. 16, 1974.

Certiorari Denied March 3, 1975.
See 95 S.Ct. 1356.

Francis L. Ruppert, Clayton, Mo., for appellant.

Frederick J. Dana, Sp. Atty. in Charge, Drug Enforcment Administration, St. Louis, Mo., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

The appellant was convicted by a jury of two counts of violating 21 U.S.C. § 841(a)(1), by selling heroin. The first sale was to a police undercover agent (Crosby) on November 13, 1972, and the second to a paid informer (DuPree) on November 16, 1972. The sole issue on appeal is whether the District Court erred in failing to dismiss the indictment, brought over eleven months after the dates of the offenses. The appellant claims that the government's delay in commencing the prosecution was unnecessary and prejudicial, violating his rights to due process under the Fifth Amendment and under Rule 48(b) of the Federal Rules of Criminal Procedure. He alleges that he was hampered in his defense because he was unable to reconstruct his activities on the dates in question or locate witnesses who could assist him in such reconstruction. We find no prejudice and affirm.

The appellant's Sixth Amendment right to a speedy trial was not denied, since that protection is not triggered until a criminal suspect becomes an "accused," either by arrest or in-

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

dictment. United States v. Marion, 404 U.S. 307, 313, 320, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971). Moreover, as Rule 48(b) "clearly is limited to post-arrest situations," United States v. Marion, *supra* at 319, 92 S.Ct. at 463, and since the appellant was brought to trial within one month of his arrest, his reliance on Rule 48(b) is misplaced.

■ However, our inquiry is not ended with the holding that the Sixth Amendment and Rule 48(b) are not applicable. The Supreme Court in *Marion* recognized that pre-prosecution delay on the part of the government may violate a defendant's right to due process of law under the Fifth Amendment, and specifically declared that the statute of limitations does not fully define the rights of criminal suspects to be speedily accused. *Id.* at 324, 92 S.Ct. 455. The application of the Fifth Amendment to pre-prosecutorial delay dates at least to Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), where the Court held that a seven-month delay between a

narcotics offense and the swearing out of a complaint violated the defendant's right to due process because it interfered with his ability to present an effective defense. *See also*, Woody v. United States, 125 U.S.App.D.C. 192, 370 F.2d 214 (1966). Our Court, too, has often recognized that an unreasonable pre-accusation delay, coupled with prejudice to the defendant, may violate the Fifth Amendment, although we have yet to hold in any case that the prejudice was sufficient to require reversal.[1]

■■ There was nothing in the original record indicating the reason for what appeared to us to be a long delay. Because we view the Fifth Amendment claim as one involving a process of balancing the reasonableness of the delay against any resultant prejudice to the defendant,[2] we remanded to the District Court for findings with respect to the reasons for delay.

The District Court found three reasons for delay, each covering a different time period. From November 16, 1972,

1. *See*, United States v. White, 488 F.2d 660 (8th Cir. 1973) (six-month delay between narcotics offense and indictment) ; United States v. Atkins, 487 F.2d 257 (8th Cir. 1973) (same) ; United States v. Weber, 479 F.2d 331 (8th Cir. 1973) (seven-month delay between narcotics offense and indictment; twenty-one more months before apprehension) ; United States v. Emory, 468 F.2d 1017 (8th Cir. 1972) (fourteen and one-half-month delay between narcotics offense and indictment) ; United States v. Golden, 436 F.2d 941 (8th Cir.), cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971) (nine-month delay between narcotics offense and indictment) ; Terlikowski . v. United States, 379 F.2d 501 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L. Ed.2d 604 (1967) (two-year delay between burglary and indictment) ; Mack v. United States, 326 F.2d 481 (8th Cir.), cert. denied, 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964) (three and one-half-month delay between narcotics offense and arrest) ; Foley v. United States, 290 F.2d 562 (8th Cir.), cert. denied, 368 U.S. 888, 82 S.Ct. 139, 7 L.Ed.2d 88 (1961) (five-year delay between tax fraud and indictment).

2. It is often said that unreasonable delay must coincide with prejudice before the due process clause requires reversal and hence

many courts, after finding lack of prejudice, refuse to consider the reasons for delay. *See*, e. g., United States v. Marion, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) ; United States v. McClure, 153 U. S.App.D.C. 370, 473 F.2d 81, 83 (1972) ; United States v. Mills, 149 U.S.App.D.C. 345, 463 F.2d 291, 301 (1972) ; United States v. Deutsch, 440 F.2d 651, 652 (7th Cir. 1971), cert. denied, 404 U.S. 1014, 92 S.Ct. 668, 30 L.Ed.2d 661 (1972).

Since we prefer to view the due process claim as one involving a balancing process, we hesitate to say that prejudice could never be presumed in an outrageous case of unjustified delay. *See* Note, The Right to a Speedy Trial, 20 Stan.L.Rev. 476, 493–501 (1968). We agree that, at least where the government is not engaging in intentional delay in order to gain a tactical advantage over the accused, the defendant must affirmatively demonstrate prejudice. *See*, United States v. Marion, *supra*, 404 U.S. at 325–326, 92 S.Ct. 455 ; United States v. Emory, *supra* 468 F.2d at 1019 ; Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847, 852 (1972) ; United States v. Golden, *supra* 436 F.2d at 945 ; Terlikowsky v. United States, *supra* 379 F.2d at 505. There is no showing that the government sought such a tactical advantage here.

until approximately May, 1973, undercover agent Crosby was engaged in a continuing investigation of the narcotics traffic in the St. Louis area, and the prosecutors delayed the indictment of the appellant because of the fear that an indictment would destroy Crosby's effectiveness as an undercover agent and perhaps endanger his safety.[3] From May, 1973, to July, 1973, the delay was attributed to "paralysis" of the local Drug Abuse Law Enforcment (DALE) office, which resulted from the highly publicized "Collinsville raid," in which officers had mistakenly raided a wrong house in April of 1973. From July, 1973, until the issuance of the indictment on October 18, 1973, the delay was due to the process of assuring the availability of the informant's testimony and the preparation of the papers and evidence to be presented to the grand jury. The trial court drew no conclusion as to the reasonableness of the delay, holding that, in any event, there was no prejudice.

■ We agree that the appellant was not prejudiced, but we do feel it important to discuss the reasonableness of the delay. We are aware of the vital role played by informants and undercover agents in the apprehension of persons engaged in illegal drug traffic. Moreover, we respect the government's need to keep the identity of such informants and agents confidential, both to protect their safety and to continue to use them effectively. *See,* United States v. Emory, 468 F.2d 1017, 1019 (8th Cir. 1972) ; United States v. Golden, 436 F.2d 941, 945 (8th Cir.), cert. denied, 404 U.S. 910,

92 S.Ct. 236, 30 L.Ed.2d 183 (1971). However, when the government chooses to continue the use of a particular informant and delay the indictment of an individual already suspected of an offense, it must recognize and respect the suspect's "accelerating need to know that * * * he [is] ultimately going to be charged with having committed a [certain] crime at a certain time and place * * * ". Ross v. United States, *supra* 349 F.2d at 213. The undeniable fact is that the passage of time bears with it the risk that the suspect will not be able to present a complete defense to the charges, particularly when the suspect is out of work and living in poverty:

> * * * The people in this subculture simply do not have desk pads and social calendars to assist them in determining where they were at a particular time many months before. * * *

Powell v. United States, 122 U.S.App.D. C. 229, 352 F.2d 705, 711 (1965) (Wright, J., dissenting).

■ The interest of the defendant in preparing his defense while events are still recent and his memory still fresh must be taken seriously by the government in deciding to continue the undercover operation, and it must not be forgotten that the withholding of notice to the suspect is a conscious and deliberate act on the part of the police. *See,* Ross v. United States, *supra,* 349 F.2d at 213. Even the legitimate excuse of a continuing undercover investigation may be stretched to the breaking point; at some point, the accused's right to due process of law must prevail.[4]

---

3. The paid informant terminated his employment in that capacity in January of 1973.

4. This Court's aside in United States v. Emory, *supra* at 1020, to the effect that "Ross is a case that we are not inclined to apply broadly," must not obscure the fact that we agree with the principle of *Ross* that unreasonable pre-accusation delay causing prejudice to a defendant may call for dismissal of the indictment on due process grounds.

The District of Columbia Circuit itself has not been inclined to apply *Ross* broadly and, indeed, in five cases since the Supreme Court's opinion in *Marion,* has denied a defendant's claim of prejudice. *See,* United States v. McClure, *supra* (three-year delay between embezzlement and indictment) ; United States v. Parish, 152 U.S.App.D.C. 72, 468 F.2d 1129 (1972), cert. denied, 410 U.S. 957, 93 S.Ct. 1430, 35 L.Ed.2d 690 (1973) (eight-month delay between armed robbery and indictment) ; United States v.

Since it is the duty of the police and prosecutors to weigh the defendant's rights in deciding to continue an undercover operation, it is *a fortiori* their duty to respect them once the investigation is terminated. We do not have here the prompt filing of charges following such termination, cited with approval in United States v. Emory, *supra* 468 F.2d at 1019. Instead, we have a further delay of five months which took place after Crosby's function as an undercover agent was ended. Any confusion which may have resulted in the DALE office following the Collinsville raids cannot serve to justify this additional delay. On balance, then, we believe that it was reasonable to delay the indictment until Crosby terminated his services, but it should have been brought promptly thereafter.

We turn, then, to the question of whether the appellant was prejudiced by the delay. The governing standard in determining the prejudicial effect of a pre-indictment delay is "whether the delay has impaired the defendant's ability to defend himself." United States v. Golden, *supra* 436 F.2d at 943. The trial court's finding of lack of prejudice must stand unless clearly erroneous. United States v. Parish, 152 U.S.App.D.C. 72, 468 F.2d 1129, 1134 (1972), cert. denied, 410 U.S. 957, 93 S. Ct. 1430, 35 L.Ed.2d 690 (1973).

We cannot say that the finding of the District Court that the appellant was not prejudiced by the delay is clearly erroneous. The appellant took the stand and related an elaborate alibi with respect to the November 13 transaction. Such testimony has been held to undercut a defendant's claim of faded memory. *See,* United States v. White, 488 F. 2d 660, 663 (8th Cir. 1973); United States v. Atkins, 487 F.2d 257 (8th Cir. 1973); Robinson v. United States, *supra,* 459 F.2d at 852–853; United States v. Washington, 150 U.S.App.D.C. 68, 463 F.2d 904 (1972). Nor can we say that the District Court was clearly erroneous in finding that the appellant's claimed lack of memory concerning the events of November 16 was "simply a part of [his] defense strategy."

Finally, we cannot say, from reviewing the record, that the delay increased the likelihood of erroneous conviction of an innocent man. *See,* United States v. Kleinbard, 333 F.Supp. 699, 701 (E.D. Pa.1971). The weakness of the government's case and the unreliability of the identification were significant factors in Ross v. United States, *supra* and Woody v. United States, *supra.* Those weaknesses are not present here. *See,* United States v. Golden, *supra,* 436 F.2d at 946; Robinson v. United States, *supra* 459 F. 2d at 854. The appellant testified that he was with informant DuPree and agent Crosby on November 13, and the identification of him on both occasions was corroborated by several other police officers who witnessed the transactions.

Since we cannot say that the trial court erred in finding a lack of prejudice stemming from the delay between the offenses and appellant's indictment, we affirm.[5]

---

Washington, 150 U.S.App.D.C. 68, 463 F.2d 904 (1972) (five-month delay between narcotics offense and arrest); United States v. Mills, *supra* (four-month delay between narcotics offense and arrest warrant); Robinson v. United States, *supra.* (three and one-half months between narcotics offenses and arrest).

5. We have decided two other narcotics cases this day in which the appellant also raised due process claims. *See,* United States v. Norton, 8 Cir., 504 F.2d 342; United States v. Washington, 8 Cir., 504 F.2d 346.