**THE PEOPLE OF THE TERRITORY OF GUAM**

**v.**

**ALBERT SANCHEZ and DAVID SABLAN, Defendants**

Criminal No. 127F-76

Superior Court of Guam

October 12, 1976

ABBATE, *Judge*

### DECISION

The Defendants were indicted on June 25, 1976, by the Superior Court of Guam Territorial Grand Jury and charged with violation of Section 626.10(a)(1) of Guam Public Law 11–149 by virtue of acts done on or about October 29, 1975. Defendants in their motion to dismiss

filed on July 15, 1976, allege both pre-indictment delay and alteration of the indictment. This court finds no cause to dismiss on either ground as there is no prima facie showing of prejudice here to Defendants' rights to due process or a fair trial.

As to the alteration in the indictment, the case law is clear that a change in the date to correct a typographical or clerical error goes to form only and is not prejudicial. (See *Arnold v. U.S.*, C.A. 9th, 1964, 336 F.2d 347, 353, certiorari denied 85 S.Ct. 1348, 380 U.S. 982, 14 L.Ed.2d 275; *Berg v. U.S.*, C.A. 9th, 1949, 176 F.2d 122, 126). The indictment here was changed from October 1976 to October 1975 and initialed by the Assistant Attorney General who made the correction. In a very similar case decided by the 4th Circuit Court of Appeals the October 23, 1962, date was corrected to 1961, and the court stated ". . . This obvious clerical mistake was in no way prejudicial. As the 1962 date had not yet arrived, the intent of the indictment could not have misled anyone". (*U.S. v. Zembito*, C.A. 4th, 1963, 315 F.2d 266, certiorari denied 83 S.Ct. 1524, 373 U.S. 924, 10 L.Ed.2d 423). Clearly this is harmless error under Rule 52(a) of the Rules of Criminal Procedure for the Superior Court of Guam.

As to the allegation of prejudicial pre-indictment delay, *U.S. v. Quinn*, C.A. 8th (July 27, 1976) expresses the appropriate standard:

In determining whether a dismissal due to pretrial delay is proper, this court has balanced the reasonableness of the delay against the resulting prejudice to the defendant . . . applying this test we scrutinize the facts surrounding the delay and then determine whether the defendant has been substantially prejudiced . . .

The *Quinn* Court then cited *U.S. v. Jackson*, 504 F.2d 337, n. 1, 16 Cr. L. 2020, which states at page 339 ". . . at

least where the government is not engaging in intentional delay in order to gain a tactical advantage over the accused, the defendant must affirmatively demonstrate prejudice".

 As in *Quinn* undercover activity relating to other offenses might have been jeopardized had prosecutions been brought immediately after these defendants did the alleged acts. Accordingly, a delay of eight (8) months is not unreasonable and Defendants have failed to affirmatively demonstrate prejudice.

In accord with the foregoing, the motion to dismiss is hereby denied.

Submit order.