UNITED STATES of America, Appellee,

v.

Martin Roy YANCY, Appellant.

No. 82–1285.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 7, 1982.

Decided Sept. 13, 1982.

Naif Samuel Khoury, Fort Smith, Ark., for appellant.

W. Asa Hutchinson, U. S. Atty., Steven N. Snyder, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Martin Roy Yancy was convicted by a jury of violating 18 U.S.C. § 371 (1976) (conspiracy to commit a bank robbery) and 18 U.S.C. § 2113(d) (1976) (aggravated bank robbery). The district court[1] sentenced Yancy to six years' imprisonment on the aggravated bank robbery charge and five years' probation on the conspiracy charge, to run consecutively. The court also ordered Yancy to pay $3,996 in restitution. We affirm.

1. The Honorable Paul X Williams, United States Senior District Judge for the Western District of Arkansas.

## I. *Background.*

On July 17, 1981, two men robbed the Phoenix Village Mall Branch of the Superior Federal Savings and Loan Association (Savings and Loan) in Fort Smith, Arkansas. One man, later identified as Joseph Woods, entered the Savings and Loan and gave one of the tellers a handwritten note ordering her to fill a bag with money. Woods held a pistol on the teller as she placed approximately $3,800 in a bag. Woods took the bag and left the Savings and Loan. In the Savings and Loan parking lot Woods' partner waited as a lookout in a van. After Woods got into the van, his partner started to drive away, but he twice rammed into a parked automobile. After the van travelled a short distance, Woods jumped out of the van and continued his flight on foot. The driver remained in the van and, after a brief delay, sped out of the parking lot.

With the aid of eyewitness descriptions of the getaway van and its driver, the police arrested Martin Roy Yancy in his van a few hours after the robbery. The police found Yancy in a secluded, wooded area near Arkhoma, Oklahoma. Yancy told the police that during the four hours before his arrest, he had been sketching scenes in the area. The police found no sketches in Yancy's van, but they noticed that the van's radiator was still hot, indicating that the van had been driven recently. A few weeks later, the police arrested Woods for his role in the robbery. After a grand jury returned indictments against Woods and Yancy, Woods pled guilty, and received a ten-year sentence. Woods testified for the Government at Yancy's trial.

Yancy admitted at trial that he had driven the getaway van, but denied participating in the robbery. He testified that he had not known beforehand that Woods planned to rob the Savings and Loan. Yancy stated that he had intentionally rammed into the car in the parking lot, hoping the van and car would become entangled and that Woods would run away. Yancy testified that he fled the scene of the crime out of fear. The jury did not believe that Yancy was an innocent bystander and convicted him on both counts. Yancy appeals.

## II. *Discussion.*

On appeal, Yancy contends the trial court erred by (1) denying his motion for acquittal at the close of the Government's case; and (2) overruling his objections to remarks made by the Assistant United States Attorney in closing argument.

### A. *Motion for Acquittal.*

Pursuant to Rule 29(a), Fed.R.Crim.P., Yancy moved for judgment of acquittal at the close of the Government's case. After the trial court overruled the motion, Yancy proceeded with his defense. Yancy claims the trial court erred in overruling his motion for judgment of acquittal, because the Government adduced only unreliable direct evidence and insufficient circumstantial evidence to convict him. We do not agree.

In reviewing challenges to the sufficiency of the evidence, this court will view the evidence, and all reasonable inferences arising from the evidence in the light most favorable to the jury's verdict. *United States v. Taylor*, 599 F.2d 832, 837–38 (8th Cir. 1979). Moreover, "circumstantial evidence can prove guilt equally well as direct evidence." *United States v. Lambros*, 564 F.2d 26, 28 (8th Cir. 1977), *cert. denied*, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978).[2]

A careful review of all the evidence satisfies us that sufficient evidence supported the jury's verdict, and therefore, that the trial court correctly denied Yancy's motion for judgment of acquittal. Joseph

---

2. Yancy relies on *United States v. Squella-Avendano*, 478 F.2d 433 (5th Cir. 1973), contending that it states a different standard for reviewing judgments based on circumstantial evidence. Yancy's reliance is misplaced. In *Squella-Avendano*, the court concluded, "the essential element is that, whether the evidence be direct or circumstantial, the matter is for the jury to decide unless the reviewing court concludes that *no* reasonable mind could find guilt beyond a reasonable doubt." *Id.* at 437.

Woods testified that Yancy and he planned and committed the bank robbery together. Woods stated that Yancy and he attempted to recruit several additional men to help rob the bank. He also testified that Yancy gave him the demand note and a pistol to use in the robbery. Even if uncorroborated, Woods' testimony could support Yancy's conviction. *See United States v. Taylor, supra,* 599 F.2d at 838 ("the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it is not otherwise incredible or unsubstantial on its face.").

The Government did not, however, rely solely on Woods' testimony. Several witnesses testified that Woods and Yancy had attempted to recruit people for the robbery. The Government also introduced a notebook police had discovered in Yancy's van when they arrested him. The FBI's analysis revealed that the demand note that Woods gave to the bank teller had been written on a page from the notebook and that the notebook contained sixteen of Yancy's fingerprints. The Government also established that the gun Woods used in the robbery belonged to Yancy.

Yancy's contentions of unreliability center on the testimony of Martha Burton, who identified Yancy as the driver of the van that struck her parked car. The Government did not rely solely on Burton's identification of Yancy, however. Anita Chastain testified that she witnessed the accident between the van and the parked car, and she also identified Yancy as the driver of the van. Yancy does not challenge the reliability of Chastain's testimony. Even without Burton's testimony, our review of all the evidence leads us to the conclusion that the Government presented sufficient evidence to warrant the trial court's denial of Yancy's motion for judgment of acquittal.

### C. *Closing Argument.*

Yancy contends the trial court erred in denying his objection to the statement of the Assistant United States Attorney during the Government's closing argument, and he asks this court to remand the cause to the district court for a new trial. During the final closing argument, the following colloquy took place:

> [Assistant United States Attorney]: [Yancy's attorney] says it's a natural thing to hide when you're in danger, where there's a rule of evidence that says it's like an admission when you flee from the scene of a crime, that can be used against you. It's an admission that you did it.
>
> [Yancy's attorney]: Your Honor, I'm going to object at this time.
>
> [Assistant United States Attorney]: Well it is.
>
> [Yancy's attorney]: I'm sorry your Honor, I'm going to have to object to that, I don't think he's stating it correctly.
>
> The Court: Make your argument the way you please.

The prosecutor misstated the law and the trial court should have sustained Yancy's objection. Flight does not constitute an admission of guilt. If proved, however, the jury may consider it in the light of all the other evidence in determining guilt. *See United States v. White,* 488 F.2d 660, 662 (8th Cir. 1973).

Accordingly, we must determine "'whether the argument complained of was so offensive as to deprive the defendant of a fair trial.'" *United States v. Bohr,* 581 F.2d 1294, 1301 (8th Cir.), *cert. denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), *quoting Isaacs v. United States,* 301 F.2d 706, 737 (8th Cir.), *cert. denied,* 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962)). Although the prosecutor's remarks were improper, we do not believe they deprived Yancy of a fair trial. The trial court properly instructed the jury to consider only the evidence, and further advised that statements and arguments of counsel are not evidence. In light of our reading of the record, we do not believe this isolated remark prejudiced Yancy's case before the jury. We therefore deny Yancy's request for a new trial.

Affirmed.