UNITED STATES of America, Appellee,

v.

Antoinette JOHNSON, Appellant.

No. 82–2280.

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1983.

Decided March 11, 1983.

Robert G. Ulrich, U.S. Atty., A. Mary Sterling, Asst. U.S. Atty., Kansas City, Mo., for plaintiff-appellee.

David F. Oliver, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Appellant Antoinette Johnson was convicted of aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(a), (d). For reversal, Johnson argues that there is insufficient evidence to support a conviction. We affirm.

On January 15, 1982, two black women and one black man robbed the Bank of Riverside in Riverside, Missouri, of over $5,000. The robbers were seen fleeing in a green car. The robbers were later identified as Charmeana Lee, Pamela Holliman, and Darrell Clay. Lee, Holliman and Clay, along with two accomplices, Steven and Brian Mansaw, were convicted of bank robbery in earlier trials.

The evidence against Johnson consisted primarily of testimony of Charmeana Lee and Eugene Eickhoff, the vice president and manager of the bank. Eickhoff testified that some thirty to forty-five minutes before the robbery, Johnson entered the bank and discussed with him the possibility of a business loan. After a short discussion, she left without filling out an application. Eickhoff testified that he did not see Johnson during the hold-up.

Charmeana Lee testified that she met Johnson, whom she knew only as "Toni," the day before the robbery. According to Lee's testimony, the meeting occurred at Johnson's home. Also present at the meeting were Holliman, Clay, and Steven and Brian Mansaw. At this time Johnson gave Holliman and Lee wigs and coats. The next day—the day of the robbery—Holliman, Clay, Steven and Brian Mansaw, Lee and "Toni" went for a ride in a rented car. The group went to a shopping center in Riverside, where Clay and Steve Mansaw stole a car, a green Cougar. "Toni" remained in the rented car. Both cars were driven to the Bank of Riverside. "Toni" and Steve Mansaw told the other four to wait while they saw how many people were in the bank. Ten minutes later, "Toni" and Steve Mansaw drove by in the rented car, and "Toni" "hollered out" the window that

there were nine people in the bank. Holliman and Lee donned the wigs and coats provided the day before by Johnson and, along with Clay, entered the bank and robbed it.[1] When they left the bank, the stolen car and the rented car were parked in front of the bank. Brian Mansaw was in the driver's seat of the stolen car, and "Toni" and Steve Mansaw were in the rented car. The three robbers got in the stolen car, and both cars drove away, the rented car leading the way. They proceeded to Kansas City, where the stolen car and its occupants were stopped a short time later for traffic violations.[2]

FBI agent Parnell Miles testified that when he arrested Johnson, she denied any involvement in the robbery and stated that she owned a bar called "Toni's Corner" and that Steve and Brian Mansaw worked for her.[3]

■ In light of the guilty verdict we must view the evidence in the light most favorable to the verdict rendered, *e.g., United States v. Yancy,* 688 F.2d 70, 71 (8th Cir.1982) (per curiam), and we must accept all reasonable inferences from the evidence which tend to support the jury's verdict. *United States v. Kelton,* 446 F.2d 669, 671 (8th Cir.1971). The evidence is such that a jury could reasonably infer that Johnson surveyed the bank in preparation for the robbery, provided disguises, served as a lookout, and assisted in the getaway. This was sufficient for a jury to find Johnson guilty of aiding and abetting a bank robbery. *See United States v. Cole,* 449 F.2d 194, 196–97 (8th Cir.1971), *cert. denied,* 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972). Johnson's actions are the kind of affirmative conduct that can be found to go further than "mere association" or presence and reach that level of participation sufficient to establish guilt. *See United States v. Kelton,* 446 F.2d at 669, 671.

Our review of the record discloses sufficient evidence from which a reasonable jury could find Johnson guilty. Accordingly, we affirm.

---

1. Details of the robbery were also given by Kenneth Soper, an off-duty policeman present at the time of the robbery. Soper did not identify Johnson.

2. The arresting officer testified that he also sought to stop the rented car, but because he recognized the driver of the rented car as Steven Mansaw, he concentrated on the green car. He did not recognize the passenger in the car or identify Johnson.

3. Miles also testified that the money recovered in the stolen car was the money taken from the bank.