UNITED STATES of America ex rel. Curtis ABBOTT, Petitioner-Appellant,

v.

John TWOMEY and Peter Bensinger, Respondent-Appellees.

No. 71–1371.

United States Court of Appeals, Seventh Circuit.

March 27, 1972.

Rehearing Denied April 25, 1972.

**401**

William H. Theis, James B. Haddad, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Melbourne A. Noel, Jr., Asst. Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge and GRANT,* District Judge.

DUFFY, Senior Circuit Judge.

After a jury trial in the Circuit Court of Cook County, Illinois, petitioner Abbott was convicted of selling heroin on three separate occasions. The Court imposed concurrent sentences of fifteen to thirty years on each of the three counts.

On December 1, 1970, having exhausted his state remedies, petitioner sought federal Habeas Corpus relief. After denial of the petition by the District Court, the Judge granted a certificate of probable cause.

During the state court trial, three witnesses testified for the State— Inspector Donald Norton, Inspector Paul Hemphill and an informer, Harry Schwartz who was called by court order upon motion by the defense.

Inspector Norton was the principal witness to and participant in all three drugs sales which formed the basis of the indictment against petitioner. For six years previously, he had worked for the Illinois Division of Narcotics. He had been instrumental in obtaining some two hundred convictions. Inspector Norton had found, on previous occasions, that Schwartz's information was reliable.

An examination of the record discloses that petitioner was not denied effective cross-examination of Schwartz by the suppression of questions as to his real identity, residence and place of business. Moreover, petitioner admitted having known Schwartz for a period of about six years.

On this appeal, petitioner argues that he was denied his constitutional right to confront his accusers. Abbott contends

---

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

the suppression of questions by his counsel at trial as to the identity of Schwartz as well as his address and place of business was reversible error relying on the Supreme Court opinion in Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968).

In *Smith, supra,* the Supreme Court held the trial court committed reversible error when an informer's true name and address were suppressed. Yet, in *Smith,* the informer was the principal prosecution witness to testify against the defendant. The Supreme Court found this fact to be determinative when it stated, at page 130, 88 S.Ct. at page 749: "The only real question at trial, therefore, was the relative credibility of the petitioner and this prosecution witness."

The informer, Harry Schwartz, was not, in this case, a principal or crucial prosecution witness. In petitioner's trial for three counts of sale of heroin, Inspector Norton was the key witness. He alone witnessed and participated in all three transactions which were the basis of the indictment. Inspector Norton was alone with petitioner in the last two transactions. The witness Schwartz was present only at the first transaction on March 11, 1966, and he was not actually a party to the sale which petitioner made on that date.

 Petitioner attempts to bring his allegations within the *Smith* rule by claiming entrapment. He asserts that an appeal was made to his sympathies. All evidence, excepting that of petitioner, is against this contention. Furthermore, several Illinois decisions have held that appeals to a defendant's sympathy or friendship do not constitute entrapment under the Illinois law. See People v. Hall, 25 Ill.2d 297, 185 N.E.2d 143 (1962), cert. den. 374 U.S. 849, 83 S.Ct. 1912, 10 L.Ed.2d 1069. See also United States ex rel. Hall v. Illinois, 329 F.2d 354 (7 Cir., 1964), cert. den. 379 U.S. 891, 85 S.Ct. 164, 13 L.Ed.2d 94.

 Since Schwartz was not a principal prosecution witness and since his testimony was not crucial to the defense,

the real issue at the trial was not the credibility of Schwartz. We hold that the *Smith* ruling on disclosure of the witness-informer's true identity is not applicable to the case at bar.

In a situation somewhat analogous to the case at bar concerning suppression of an informer's true identity, the Supreme Court has decided that the identity of a nonwitness narcotics informer need not always be disclosed to the defendant. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

In *Roviaro, supra,* at page 62, 77 S.Ct. at pages 628, 629, the Court said:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

It has been widely recognized that there is great need for a state to rely on informers' tips and introductions in order to enforce the narcotics laws.

The Supreme Court in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) while discussing the importance of the police informer, quoted Wigmore and said:

"A genuine privilege, on . . . fundamental principle . . ., must be recognized for the identity of persons supplying the government with information concerning the commission of crimes. Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on

an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions, and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship." (386 U.S. at 308, 87 S.Ct. at 1061).

The trial judge in the case before us noted that Schwartz had some reason to fear for his safety should his true identity be revealed. The trial judge stated, in support of this contention: "[H]is [Schwartz's] life would definitely be in jeopardy." Therefore, we believe that the questions pertaining to Schwartz's identity, address and place of business were properly suppressed. No conflict of the *Smith* ruling is apparent because Schwartz was not the principal witness for the Government. Furthermore, where an informer is not the principal witness testifying against an accused, a trial judge must weigh the policy considerations for nondisclosure of identity of said informer so aptly stated by the Supreme Court in *Roviaro, supra.*

■ Another important question argued by petitioner before us is whether defense counsel, notwithstanding the suppression of Schwartz's identity, residence and place of business, effectively cross-examined Schwartz. We feel petitioner was not denied effective cross-examination by suppression of questions on his true identity.

Upon cross-examination, Schwartz admitted that he had been convicted of armed robbery and had used narcotic drugs; that he had received money to work for Inspector Norton as an informer in another case; that his informant's status had permitted him to avoid incarceration on a possession of narcotics charge, and that he would, most likely, lie to satisfy his drug habit. The only questions which remained unanswered were the inquiries pertaining to Schwartz's true name, address and place of business. Petitioner's admission that he had been acquainted with Schwartz for some six years is of significance. Schwartz also mentioned that he sold landscaping for a living and earned about $150 per month at that employment.

On several previous occasions when the defendants had not suffered any prejudice from nondisclosure of a fact relative to the identity of a witness, this Court has refused to nullify convictions on the basis of Smith v. Illinois, *supra,* relied upon by petitioner.

Where objections had been sustained to defense questions with regard to residence and place of employment in United States v. Daddano, 432 F.2d 1119 (7 Cir., 1970), cert. den. 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971), the defendant appealed relying on *Smith.* We there stated: ". . . in view of the admissions already before the jury it is hard to imagine that the answers would have added or led to any significant material bearing upon the credibility of the witnesses." (432 F.2d 1128).

Similarly, we found no prejudicial denial of the defendant's right to cross examine an informer in United States v. Lawler, 413 F.2d 622 (7 Cir., 1969). In *Lawler, supra,* the informer's work address at the time of the trial had been suppressed by the trial judge but we affirmed in the face of an attack relying on *Smith.*

Other similar cases are United States v. Teller, 412 F.2d 374 (7 Cir., 1969), cert. den. 402 U.S. 949, 91 S.Ct. 1603, 29 L.Ed.2d 118 (1971). We there held that cross-examination was not unduly limited by nondisclosure of an address. Also see United States v. Kaufman, 429 F.2d 240 (2 Cir., 1970), cert. den. 400 U.S. 925, 91 S.Ct. 185, 27 L.Ed.2d 184 (1970); United States v. Lee, 413 F.2d

910 (7 Cir., 1969), cert. den. 396 U.S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515; United States v. Conder, 423 F.2d 904 (6 Cir., 1970), cert. den. 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970). (In *Kaufman, supra*, the nondisclosure of the witness's address was approved because defendant had prior relations with him and non-prejudice was shown).

 We are of the opinion that the *Smith* rule should not be extended to reveal every informant's true identity where the informer is not the principal witness against the accused as evidenced herein.

The order of the District Court denying the petition for Writ of Habeas Corpus is hereby

Affirmed.