**UNITED STATES of America,
Appellee,**

**v.**

**Joseph POLLARD, Appellant.**

**No. 73–1006.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1973.

Decided May 18, 1973.

Leonard J. Frankel, Clayton, Mo., for appellant.

Frederick J. Dana, Sp. Atty., Office for Drug Abuse Law Enforcement, St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

## ORDER

This cause, having been duly briefed and argued, was submitted to this court on May 17, 1973.

 A contention relied upon most heavily by the appellant is that since his convictions are for sales of heroin in transactions arranged by and participated in by a paid government informer, Richard Armstrong, whom the government apparently has used in this role in other cases, and since appellant's defense is entrapment, and since his two attempts to subpoena Armstrong as the sole witness to corroborate his allegations of entrapment were unavailing, the burden then rested upon the government "to expend every reasonable effort" to produce its employee so the defense could call him as a witness. Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965). The appellant moved the trial court to order the government to produce Armstrong, but this motion was denied.

"[S]ince the government chooses to utilize such agents, with the attendant risk of entrapment, it is fair to require the government which uses this inherently dangerous procedure to take appropriate precautions to insure that no innocent man should be punished.

.   .   .   .   .   .

If [the informer] is available for hire, he should be available to come and testify . . . [and] [w]e think whether there was a failure to expend every reasonable effort to obtain the witness is a question of fact for the trial judge." 354 F.2d at 13.

Therefore in accordance with the teachings of *Velarde*, we remand the cause

"to the trial court for the [limited] purpose of holding a further hearing at which the Government shall be given the opportunity of proving if such be the case that it was genuinely unable through reasonable efforts to produce [Armstrong] and also, if such be the case, that the Government did not take steps to see to it that [Armstrong] would be or become unavailable as a witness. The burden of proving these things should be on the government." *Id.*

The court upon remand may hear such evidence as it deems necessary and proper, and then shall certify its findings to this court.