**UNITED STATES of America,
Appellee,**

v.

**Albert Ray KITCHEN, Appellant.**

**No. 73-1094.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1973.

Decided June 27, 1973.

Eastern District of Kentucky, sitting by designation.

available to testify at trial. The record shows that Floyd did not appear at trial and the trial court excused the government from producing informant on the government's statement that Floyd's whereabouts were unknown at the time of trial. The record demonstrates that Floyd may have possessed material knowledge relating to the defendant's participation in the charge of his distributing cocaine on September 24, 1971.

Therefore in accordance with *Pollard,* we remand the cause

" 'to the trial court for the [limited] purpose of holding a further hearing at which the government shall be given the opportunity of proving if such be the case, that it was genuinely unable through reasonable efforts to produce [Floyd] and also, if such be the case, that the government did not take steps to see to it that [Floyd] would be or become unavailable as a witness. The burden of proving these things should be on the government.' "

The court upon remand may hear such evidence as it deems necessary and proper, and then shall certify its findings to this court.

---

David P. Murrin, Minneapolis, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

### ORDER

This cause having been briefed and argued and submitted to this court on its merits on June 12, 1973, is hereby remanded to the trial court for an evidentiary hearing consistent with United States v. Pollard, 8 Cir., 479 F.2d 310, order filed May 18, 1973.

The record demonstrates that the government at a pretrial proceeding assured both the court and defendant that the informant, Sammy Floyd, would be