**Walter Floyd LITTLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 73–1410.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1974.

Decided Feb. 1, 1974.

Ben Ely, Jr., of Kortenhof & Ely, St. Louis, Mo., for appellant.

Richard Coffin, Sp. Atty., U. S. Dept. of Justice, St. Louis, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and SMITH, Senior District Judge.*

MATTHES, Senior Circuit Judge.

Appellant was indicted, tried and found guilty of distributing heroin on October 2, 1972, and again on October 11, 1972. He has appealed from the judgment of conviction.

There is no controversy over the evidence produced by the government at the trial. Appellant did not testify and offered no witnesses in his behalf. The transactions followed the pattern which has become a common practice in apprehending and prosecuting persons who unlawfully distribute controlled substances. The government informer in this case, Charles Bullock, purchased heroin on each occasion from appellant. Before the purchase, one or more officers attached to the office of Drug Abuse Law Enforcement (DALE) searched Bullock and gave him a stated amount of currency, the serial numbers thereon having been recorded. Bullock then contacted appellant and made the purchase under the surveillance of DALE officers. In due time the indictment was returned and the prosecution followed.

Appellant vigorously contends that he was denied a fair trial because the government failed to produce Bullock at the trial in accordance with the prior assurance of the Assistant District Attorney that Bullock would be present and available for examination by appellant's counsel. At the outset of the trial, which was scheduled for April 16,

* Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1973, but which began the next day, April 17, a thorough examination of two of the officers who participated in the purchases revealed that they undertook a diligent search for Bullock several days prior to the scheduled trial date, but their efforts to locate him were unsuccessful. Thereupon, the court denied appellant's motion for a mistrial and the trial proceeded.

After the appeal had been docketed in this court, the United States Attorney, acting pursuant to our action in United States v. Pollard, 479 F.2d 310 (8th Cir. 1973); United States v. Kitchen, 480 F. 2d 1222 (8th Cir. 1973); and United States v. Barnes, 486 F.2d 776 (8th Cir. 1973), filed a motion for a limited remand of the case to the district court to enable that court to conduct an evidentiary hearing for the purpose of determining whether the government deliberately concealed Bullock and whether appellant was prejudiced by his inability to examine Bullock before the jury. The government's motion to remand was granted, and on December 6, 1973, the district court heard the sworn testimony of the Assistant United States Attorney, who had prosecuted the case, and Charles Bullock, the informer. Appellant and his trial attorney were present, and appellant's attorney extensively cross-examined the witnesses. After the hearing, the district judge, acting pursuant to our order of remand, made supplemental findings and transmitted his findings and the transcript of the December 6 hearing to this court. In pertinent part, the court found that the government did not deliberately conceal any exculpatory information possessed by Bullock; that a subpoena for him had been prepared at the direction of the prosecutor; that officers attempted to locate Bullock and to serve the subpoena upon him, but their efforts were fruitless; that Bullock did not possess any evidence which would impeach the credibility of the government's case or which would have been helpful to the defense of the charge; that Bullock's testimony at the hearing was an affirma-tion of statements which he had previously furnished to DALE officers and was in accord with the trial testimony of the officers who participated in the two purchases.

Appellant's attorney attaches importance to the fact that on June 29, 1973 —after the trial—Bullock, while confined in the St. Louis, Missouri, city jail, gave a written statement to an associate of appellant's counsel. Therein Bullock denied selling narcotics to appellant on October 2 or October 11, and stated that the government officers had known where Bullock was located at the time of the trial. However, during the December 6 hearing, Bullock unequivocally testified that the statements made by him on June 29, 1973, were untrue, that he lied because he was in fear of his own safety, and that on June 29 appellant Little was also confined in the St. Louis city jail. In Bullock's words, "Well, they had jumped on one informant at the city jail, jumped on him pretty bad, so they knew I was up there, so they had a knife and he was trying to jump on me. I didn't have any friends up there so I had to do something, so that's what I did."

The district judge, in his findings, stated that he believed that Bullock's fear for his life had prompted his statements to Mr. Nussbaumer (associate of appellant's counsel) and that no prejudice had arisen from the government's failure to make the informant available to the appellant.

Our examination of the record of the trial and of the hearing on remand leads us to the inescapable conclusion that appellant was not prejudiced by his inability to examine Bullock during the trial. It is convincingly clear that the government did not in any respect conceal Bullock or any exculpatory evidence. Consequently we conclude that justice has been served and that the case should not be remanded for another trial.

■ Appellant also complains because the prosecution struck all black members of the jury panel. We considered a sim-

ilar contention in Pollard v. United States, 483 F.2d 929 (8th Cir. 1973). Our holding there is dispositive of the issue. The fatal weakness of appellant's claim is the absence of any proof to show that the United States Attorney's office in the Eastern District of Missouri has systematically excluded blacks from the jury in cases in which the defendant is of the same race. Under the plan for random jury selection blacks are regularly summoned for jury duty. Moreover, it is commonly known to members of the Bar who practice in the federal court for the Eastern District of Missouri and to the author of this opinion that blacks serve on jury panels in criminal cases regardless of the color of the skin of the defendant.

Appellant was represented by Mr. Ben Ely, an able and experienced trial lawyer, but in view of the overwhelming evidence of guilt Mr. Ely was unable to persuade the jury of his client's innocence. Neither has he been able to persuade us that the verdict of guilty resulted from any prejudicial error.

The judgment is affirmed.