UNITED STATES of America,
Appellee,

v.

Charles NICK, Appellant.
No. 74–1208.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1974.
Decided Sept. 30, 1974.

of the St. Louis Police Department. At trial both the officer and the informant testified as to the sales and the circumstances surrounding them.

## I

 In cross-examining the informant, Nick's counsel asked at what address the informant lived and if he was then living with his wife. The informant stated that he was living with his wife at a street address located in the City of St. Louis. Nick's counsel later tried to ask the informant if he was not then being held in the St. Louis City Jail on a charge of burglary, but the prosecuting attorney objected to the question as improper impeachment and the objection was sustained. Nick contends on appeal that this ruling by the trial court denied him the right to confront a witness against him in violation of his Sixth Amendment rights. We disagree.

In Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), the Supreme Court ruled that a trial court must allow cross-examination as to a witness' address in order to "place the witness in his proper setting." 282 U.S. at 692, 51 S.Ct. at 219. The requirements of *Alford* were fully complied with in the instant case when the informant gave his residence address. Counsel's attempt to go beyond this could have no other objective than to draw the jury's attention to the fact that the witness was in jail.

Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), requires reversal only where the trial court's failure to permit the elicitation of a witness' name and address resulted in a denial of the right to cross-examine a witness effectively. The record in the instant case reveals that at time of cross-examination defense counsel and the jury knew that the informant had a prior felony conviction, was being paid by the government to be an informant,

Harvey I. Feldman, St. Louis, Mo., for appellant.

William Dye, Atty. Drug Enforcement Agency, St. Louis, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

## PER CURIAM.

Charles Nick appeals his conviction on two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and his resulting sentence of ten years imprisonment on each count, to be served concurrently. He asserts prejudicial error by the trial court[1] in limiting his cross-examination of the principal prosecution witness. He further challenges the sentence imposed by the trial judge, contending that it resulted from a mechanical sentencing process which precluded probation and was so excessive as to warrant review.

The two sales of heroin in this case were made to a government informant and were visually witnessed by an officer

[1]. The Honorable James H. Meredith, Chief Judge, United States District Court, Eastern District of Missouri.

had been an informant in the past, had been a narcotics addict in the past, and that no promise or threat had been made to induce testimony favorable to the government. Cross-examination was vigorous, and except for the one question discussed herein, the government interposed no objections. Under such circumstances, appellant's contention that he was denied effective cross-examination is totally without merit. United States v. Teller, 412 F.2d 374 (7th Cir. 1969), cert. denied, 402 U.S. 949, 91 S. Ct. 1603, 29 L.Ed.2d 118 (1971); *see* United States v. Lee, 413 F.2d 910 (7th Cir. 1969), cert. denied, 396 U.S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515 (1970); *cf.* United States v. Alston, 460 F.2d 48 (5th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972); United States ex rel. Abbott v. Twomey, 460 F.2d 400 (7th Cir. 1972).

## II

 "[A] sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). At the time of allocution, Judge Meredith stated: "There is no way this court is going to put anybody who sells narcotics on probation, period." Appellant contends that the judge either abused his discretion or failed to exercise any discretion in refusing to consider him for possible probation. However, Nick has failed to demonstrate that the trial judge had a mechanically inflexible practice of denying probation [2] or that his refusal to grant this appel-

lant probation under the facts of this case was a gross abuse of discretion.[3] On the contrary, the record makes clear that defense counsel was given full latitude to present facts in mitigation of his offense and punishment. We find no abuse of discretion [4] and affirm the judgment and sentence of the district court.

---

2. Indeed, the government points out that in United States v. Clopton, No. 73 Cr. 46(1) (Aug. 17, 1973), Judge Meredith recently placed two of six defendants who had pleaded guilty to federal narcotics charges on probation.

3. *See* ABA Project on Standards for Criminal Justice, Standards Relating to Probation § 1.3(a) (App. Draft 1970):

> Probation should be the sentence unless the court finds that:
> (i) confinement is necessary to protect the public from further criminal activity

*    *    *    *    *

> (iii) it would unduly depreciate the seriousness of the offense if a sentence of probation were imposed.

4. *See* Woosley v. United States, 478 F.2d 139 (8th Cir. 1973). In view of our holding, it is unnecessary for us to consider to what extent a denial of probation, as distinguished from a revocation of probation, is subject to judicial review. *Cf.* Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932).