Walter Floyd LITTLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 75–1487.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 26, 1975.

Decided Sept. 25, 1975.

Rehearing Denied Nov. 3, 1975.
Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1125.

Walter Floyd Little, pro se.

Donald J. Stohr, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

 Appellant-Walter Floyd Little was convicted on two counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) (1970). This court affirmed his conviction and sentence on

direct appeal. *Little v. United States,* 490 F.2d 686 (8th Cir.), *cert. denied,* 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974). Appellant subsequently moved under 28 U.S.C. § 2255 for an order vacating his conviction. The motion was denied by the district court and this appeal was taken. The government now moves for summary dismissal, alleging that the appeal is frivolous. That motion is no longer cognizable under Rule 9(b) and is denied. However, we dismiss the appeal on our own motion, as frivolous, under Rule 9(a).

## I. The Special Attorney.

Appellant's principal argument is based on the fact that Richard Coffin, a special attorney for the United States,[1] participated in the grand jury proceedings leading to appellant's indictment, and was the only government attorney to sign the indictment. Appellant maintains that Coffin was not an "attorney for the government," as that term is defined in Fed.R.Crim.P. 54(c), so that his participation in the grand jury proceedings violated Fed.R.Crim.P. 6(d), and the absence of the signature of an "attorney for the government" rendered the indictment invalid under Fed.R.Crim.P. 7(c)(1).

■ Appellant's arguments go only to alleged errors in the grand jury proceedings and in the form of the indictment and these matters cannot normally be raised in a § 2255 proceeding. *Sunal v. Large,* 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Link v. United States,* 352 F.2d 207 (8th Cir. 1965).[2] Relief under that section should be granted only in "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *see*

*Houser v. United States,* 508 F.2d 509, 513 (8th Cir. 1974).

■ Even if these arguments could be made here, however, they would not prevail. This court has decided that special attorneys, operating under letters of authorization similar to the one present here, are authorized assistants of the Attorney General for purposes of Fed.R. Crim.P. 54(c), and so are "attorneys for the government" for Fed.R.Crim.P. 6(d). *United States v. Wrigley,* 520 F.2d 362 (8th Cir. 1975); *DiGirlomo v. United States,* 520 F.2d 372 (8th Cir. 1975); *United States v. Agrusa,* 520 F.2d 370 (8th Cir. 1975).

Appellant maintains that attorney-Coffin was not an "authorized assistant of the Attorney General" (and so not an "attorney for the government") for purposes of Fed.R.Crim.P. 7(c)(1), because his letter of authorization contained no express grant of authority to sign indictments.

It is true that Coffin was not specifically empowered to sign indictments. That he was to have this power, however, is implicit in the powers expressly given to him in his appointment letter. Coffin was empowered to "conduct any kind of legal proceedings, civil or criminal, including grand jury proceedings . . . which United States attorneys are authorized by law to conduct."

■ The signing of an indictment is one step in the conduct of a criminal proceeding. Its function is to show that the attorney for the United States joins with the grand jury in instituting the proceeding. *United States v. Cox,* 342 F.2d 167, 172 (5th Cir.), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). The broad grant of authority to conduct judicial proceedings must have included the authority to perform the essential step of consenting to the insti-

---

1. Coffin was appointed pursuant to 28 U.S.C. § 515(a) (1970).

2. "An indictment, not questioned at trial or on direct appeal, is not open to attack by motion under § 2255, unless it is so obviously defective as not to be capable by any reasonable

construction of being said to charge the offense on which conviction was had." *Link v. United States, supra,* 352 F.2d at 209.

Failure to object to defects in the form of the indictment prior to trial constitutes a waiver of the defects. Fed.R.Crim.P. 12(b)(2).

tution of the proceedings. It was not necessary for the Attorney General to specify every function in the proposed proceeding which Coffin was to perform.

There is no doubt, then, that Coffin's authorization from the Attorney General included the power to sign indictments. Appellant's principal argument on appeal is without merit.

II. *Adoption of the Magistrate's Recommendation.*

 Prior to the trial court's consideration of this motion, United States Magistrate William S. Bahn reviewed the motion and recommended that it be denied. The district court accepted this recommendation. Appellant contends the district court erred in "adopting the review and recommendation of a United States Magistrate as his own." He maintains that Magistrate Bahn ruled on disputed questions of fact, and that the trial court erred in adopting these rulings *in toto. See Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).

Examination of the magistrate's review and recommendation, however, shows that no evidentiary hearing was held. Rather, the magistrate based his recommendation entirely on a determination of law—that the special attorney was properly authorized. The trial court acted properly in following this recommendation and denying the motion.

III. *Ineffective Assistance of Counsel.*

Finally, appellant maintains that he was denied the effective assistance of counsel. In the district court he argued only that his appointed attorney had erred in failing to present to the trial judge the alleged defect in the indictment discussed above. However, as noted, the indictment was not defective, and this argument would have failed even if it had been raised at trial.

Appellant raises on appeal allegations of ineffective assistance which were not presented to the district court

hearing this motion. He claims that his attorney erred in not requiring that certain witnesses take an oath before testifying,[3] in failing to move for a bill of particulars, in failing to expose the alleged drug addiction of the government's informant, and in failing to object to certain instructions. Because these claims were not presented below, they cannot be considered on this appeal. *Vincent v. United States,* 361 F.2d 474, 476 (8th Cir. 1966). Moreover, these omissions do not demonstrate ineffective assistance of counsel. *See United States v. Hager,* 505 F.2d 737, 739 (8th Cir. 1974).

Appellant shows no grounds for relief from his conviction. We hold his appeal to be frivolous and dismiss the appeal under Rule 9(a).

---

**3.** The record indicates that the witnesses were properly sworn.