Charles NICK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1840.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 25, 1976.

Decided March 18, 1976.

Charles Nick, pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury on two counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and sentenced to two concurrent ten-year sentences. His conviction was upheld on direct appeal. *United States v. Nick*, 503 F.2d 418 (8th Cir. 1974). He now appeals from the denial, without a hearing, of his motion to vacate sentence. His contentions will be considered in the order they were raised.

Appellant's initial position that an unauthorized special attorney participated in the grand jury proceedings which led to his indictment has been settled as being without merit by several recent decisions of this court. *United States v. Wrigley*, 520 F.2d 362 (8th Cir. 1975); *United States v.*

*Agrusa,* 520 F.2d 370 (8th Cir. 1975); *DiGirlomo v. United States,* 520 F.2d 372 (8th Cir. 1975); *Little v. United States,* 524 F.2d 335 (8th Cir. 1975).

■ Appellant next contends that the district court[1] by refusing to allow witness Grandberry to testify about the glare on the windows in appellant's store, denied appellant his Sixth Amendment right to call witnesses in his own behalf. *Holder v. United States,* 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893); *Braswell v. Wainwright,* 463 F.2d 1148, 1154 (5th Cir. 1972). It is claimed that this testimony would impeach Police Officer Crosby's corroborating testimony that he observed the heroin transaction through a large window in appellant's store.

Witness Grandberry had been called as a character witness for appellant and testified with respect to appellant's reputation on direct examination. During redirect the following occurred:

Q. Have you ever looked in the windows in that place?

Mr. Dye: Your Honor, I'll object. He's established—

The Court: I will sustain the objection for the reason that this witness was in here, against the rules the witness to be here, and heard all the testimony. I told you I'd let him testify about good reputation but not about the facts of the case.

Mr. Feldman [attorney for the defendant]: All right. I have no other questions.

Initially we note that no offer of proof was made so it cannot be determined whether the testimony had probative value. At the most it would have been cumulative of appellant's testimony concerning the glare on the window and its effect on visibility.

The controlling principle with respect to violation of a sequestration order by a witness was stated in *Holder v. United States,*

*supra,* 150 U.S. at 92, 14 S.Ct. at 10, 37 L.Ed. at 1010:

If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

■ The matter of exclusion under particular circumstances is a question for the trial court. *United States v. Atkins,* 487 F.2d 257, 259 (8th Cir. 1973). The exercise of that discretion will not be disturbed absent a clear abuse of discretion. *United States v. Kiliyan,* 456 F.2d 555, 560 (8th Cir. 1972). Here we are satisfied there was no such abuse of discretion.

■ Appellant next contends that the "inept" performance of his trial counsel amounted to a denial of the effective assistance of counsel. He contends that his attorney failed to adequately investigate the case and failed to subpoena witnesses to corroborate his version of events. Appellant has made no attempt, however, to show what witnesses could have been called. In the absence of more specific allegations of fact, appellant is not entitled to a hearing on this issue. *Cf. Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, 479 (1962); *Burris v. United States,* 430 F.2d 399, 401 (7th Cir. 1970). He has not brought this case within the holding in *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974). Appellant's further contention that his counsel's trial performance was inept is without merit. A review of the record indicates appellant was ably represented. Parenthetically, we note that this court in affirming the direct appeal observed that "cross-examination was vigorous." 503 F.2d at 420.

---

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

We are satisfied that appellant's allegations did not entitle him to relief and under the circumstances an evidentiary hearing was not required.

Affirmed.