**UNITED STATES of America, Appellee,**

v.

**John E. MAHON, III, Appellant.**

**No. 76–1701.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1977.

Decided March 7, 1977.

Rehearing and Rehearing En Banc
Denied March 30, 1977.

Toby H. Hollander, St. Louis, Mo., on brief for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U.S. Atty., St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.

PER CURIAM.

John E. Mahon, III, was convicted by the trial court on both counts of a two count

indictment charging him with distributing heroin in violation of 21 U.S.C. § 841(a)(1). He contends on appeal (1) that the trial court erred in failing to hold a hearing on the good faith efforts of the government to produce an informant, (2) that the trial court erred in placing the burden of proving entrapment on him rather than on the government, and (3) that the evidence is insufficient to sustain the conviction.

■ We remanded the matter to the trial court with instructions to it to conduct an evidentiary hearing on the good faith efforts of the government to produce the informant at trial. *See United States v. Pollard,* 479 F.2d 310 (8th Cir. 1973), *cert. denied,* 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974). The trial court complied with our request and found that the government had made such an effort. A careful review of the record satisfies us that this finding is not a clearly erroneous one.

■ We find little merit to the defendant's argument that the trial court erroneously placed the burden of proving entrapment on him. There is one sentence in the court's opinion which gives this impression but the opinion as a whole makes it clear that the court understood that the burden of proof with respect to this and other issues lay with the government.

■ We find no merit to defendant's assertion that the evidence was insufficient to sustain the conviction. This assertion was based on the belief that the defendant had been entrapped by the government. The trial court's findings that the defendant was predisposed to commit the crime and that he readily participated in the two sales of heroin is amply supported by the record. *See Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

Affirmed.