James TURNER, Jr., Petitioner,

v.

Warden Donald W. WYRICK, Respondent.

No. 77–330C(3).

United States District Court, E. D. Missouri, E. D.

May 22, 1978.

---

**25.** *Smith v. Cincinnati Post & Times-Star*, 353 F.Supp. 1126 (S.D.Ohio 1972), aff'd 475 F.2d 740 (6 Cir.).

Patrick J. Frawley, St. Louis, Mo., for petitioner.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM

NANGLE, District Judge.

James Turner, Jr. filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the St. Louis Circuit Court of five counts of illegal sales of a controlled substance. Petitioner contends that he is entitled to relief herein because the state failed to disclose the identity of an informant who had arranged the sale between petitioner and two undercover police officers, and because petitioner was subject to multiple punishment in violation of his right not to be put in double jeopardy. This matter was referred to a United States Magistrate and his report and recommendation has been received by this Court. Because the record in the state court was incomplete, a hearing was held on May 9, 1978 at which the testimony of the two undercover officers was adduced. Petitioner chose not to testify.

From the evidence presented, the Court finds the following: Sam Ventimiglia, a City of St. Louis police officer, was told by a confidential informant of an individual named Jim. Ventimiglia never knew Jim's last name, his address, telephone number or work address. Ventimiglia met Jim on a specified street corner in the City of St. Louis relative to a matter not involved herein. Shortly after that initial meeting, Ventimiglia again saw Jim on the same street corner. At this time, Jim took Ventimiglia, and his fellow officer, to an address. Jim went to the door and brought petitioner out to the officers. At that time, the officers purchased controlled substances from petitioner. Neither officer has seen Jim since that date. The officers have no leads as to Jim's location. Ventimiglia no longer remembers the name of the informant who first gave Ventimiglia information about Jim, but he had not had any contact with this informant prior to petitioner's trial. Prior to petitioner's trial, neither officer returned to the street corner where they had encountered Jim.

Petitioner's double jeopardy claim is without merit. See *Moton v. Swenson*, 488 F.2d 1060 (8th Cir. 1973), *cert. denied*, 417 U.S. 957, 94 S.Ct. 3086, 41 L.Ed.2d 675 (1974).

The Court also concludes that petitioner's claim with reference to the identity of the informer must fail. The state had the obligation under the circumstances herein to disclose the information in its possession. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Pena v. LeFerve*, 419 F.Supp. 112 (E.D.N.Y.1976). The state did so here. The question that remains is whether the state had the duty to make a good faith effort to find the informant. See *United States v. Oropeza*, 275 F.2d 558 (7th Cir. 1960); *United States v. Pollard*, 479 F.2d 310 (8th Cir. 1973); *United States v. Kitchen*, 480 F.2d 1222 (8th Cir. 1973). Under the facts adduced herein, the Court concludes that it did not. The officers had no reasonable leads to follow in an attempt to locate Jim. All the information in their possession with reference to Jim was known to defendant. Accordingly,

the Court concludes that the state fulfilled its obligation herein.

The petition for a writ of habeas corpus will be denied.