**James TURNER, Jr., Appellant,**

v.

**Donald W. WYRICK, Warden, Appellee.**

**No. 78–1431.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1979.
Decided March 8, 1979.

**1208**

J. Reed Johnston, Jr., Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for appellant.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John D. Ashcroft, Atty. Gen., Jefferson City, Mo., on brief.

Before GIBSON, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

In this case Turner challenges the district court's [1] denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Appellant contends that even where the state possesses no reasonable leads it has an obligation to conduct an investigation in order to identify an "informant." We affirm the district court's denial of the petition.

Appellant was convicted of five counts of sale of a controlled substance in the St. Louis Circuit Court. His conviction was affirmed by the Missouri Court of Appeals.[2] The facts giving rise to the above conviction may be briefly stated.

The first sales by appellant to two undercover narcotic officers occurred on January 8, 1975. On January 8 the officers met a person, known to them only as Jim, on the corner of Klemm and Shenandoah in St. Louis. Jim did not know these men to be officers and directed and accompanied the officers to 2620 St. Vincent in St. Louis after he indicated that they might be able to purchase LSD from appellant. Jim was present while each officer purchased LSD from appellant. Thereafter the officers drove Jim back to the corner of Klemm and Shenandoah, without further questions. Subsequently, the officers made three additional purchases of LSD from appellant without further assistance from Jim. The appellant was arrested on February 10, 1975.

The appellant made a pretrial motion to disclose the identity of the "informant" known to him only as Jim. The state trial judge agreed to hear the motion and decide it with the case. The appellant's defense was one of misidentification. The evidence in his state trial showed that the officers did not have a working relationship with Jim and that he was not a paid informant. The officers did not know his last name, address, telephone number or place of employment. One officer met Jim for the first time on January 8, 1975, the date of the first sales, and the other officer had met Jim only once before that day. Neither officer had seen or spoken to Jim since January 8, 1975. Based on this evidence the state trial court denied the motion to disclose. The Missouri Court of Appeals affirmed on the ground that the state could not disclose what it did not know.[3]

Appellant petitioned for a writ of habeas corpus in federal district court which in turn ordered a hearing on the issue of the state's efforts to locate and identify Jim. *See United States v. Webster,* 490 F.2d 435 (8th Cir. 1974). In its order dismissing the petition, the district court found that the state had fulfilled its duty to disclose because it had given the appellant all the information within its possession. It then found that the state had no reasonable leads to follow in an effort to locate Jim and held there was no duty to make an

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. *State v. Turner,* 543 S.W.2d 270 (Mo.Ct.App. 1976).

3. *Id.* at 272.

investigation in order to identify him. Appellant's petition for writ of habeas corpus was therefore dismissed.

The Missouri state courts as well· as the federal district court consistently characterized Jim as an "informant" although there was no evidence in the record to show that Jim knew he was dealing with undercover narcotics officers when he told them they might be able to purchase LSD from appellant. The evidence is clear that Jim was not paid for this information and that the officers in question have never seen nor heard from Jim again. In our view Jim is more accurately characterized as a potential codefendant because the evidence indicated that Jim was a narcotics dealer rather than a purveyor of information. The district court held that the state had the obligation to disclose the information in its possession regarding Jim's identity and found that the state did so disclose. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ Assuming, but not deciding, that the duty to disclose exists at all under the circumstances of this case, we hold that the district court's finding that the state disclosed all information in its possession is not clearly erroneous. The state possessed no more information regarding Jim's identity than did appellant.

As to the duty to locate Jim the district court concluded that had the state possessed reasonable leads to follow in an effort to further identify and locate Jim, such a duty would exist. This conclusion apparently was based on *United States v. Webster*, 490 F.2d 435 (8th Cir. 1974); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973); *United States v. Kitchen*, 480 F.2d 1222 (8th Cir. 1973); and *United States v. Pollard*, 479 F.2d 310 (8th Cir. 1973), *cert. denied*, 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974). However, these cases are clearly distinguishable. In each case the accused made a motion to produce the informant

rather than a motion to disclose the informant's identity. With the exception of *Kitchen, supra*, 480 F.2d 1222, each involved *paid* government informants. In all but *Pollard, supra*, 479 F.2d 310, the government reneged on promises to defense counsel that the informants would be produced at trial. In each case the defendants presented entrapment defenses at trial.

We find no authority for the proposition that once the state has fully disclosed all information in its possession, upon a proper motion to disclose the identity of an informant or a participant in the crime, the state has a further obligation to locate that participant or informant.

A similar question was raised but not decided by the Seventh Circuit in *United States v. Oropeza*, 275 F.2d 558, 560 (7th Cir. 1960). The court concluded that the question as to the existence of a further duty to investigate so as to more fully disclose must be resolved within the standards of *Roviaro*.

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro v. United States, supra*, 353 U.S. at 62, 77 S.Ct. at 628. In *Roviaro* the paid government informant was the sole participant, other than the accused, in the narcotics transaction. He not only set up the sale, but actually purchased the drugs from the defendant. Furthermore, the informant was the only eyewitness to the actual sale because the officers observed the accused and the informant only from a distance.[4]

---

4. The facts in *United States v. Webster*, 490 F.2d 435 (8th Cir. 1975) and *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1972) are quite similar to those of *Roviaro*. The facts of *United States v. Kitchen*, 480 F.2d 1222 (8th Cir. 1973), and *United States v. Pollard*, 479 F.2d 310 (8th Cir. 1973) are too sketchy to make a fair comparison.

In *United States v. Emory*, 468 F.2d 1017, 1020–21 (8th Cir. 1972) we imposed no duty on the government to locate the informant. We held that there was no denial of due process where the government disclosed the name and the last known address of a paid informant where that address was inadequate to locate the informant prior to trial.

In *United States v. Ruiz-Juarez*, 456 F.2d 1015, 1016 (9th Cir.), *cert. denied*, 407 U.S. 914, 92 S.Ct. 2450, 32 L.Ed.2d 689 (1972), the Ninth Circuit upheld a conviction for inducing the illegal entry of an alien where the defendant argued that his motion for disclosure had been erroneously overruled. The court held that the motion was properly denied where the informer had been and still was unknown.

The issues before this court are whether the district court's finding that the state had no reasonable leads to pursue in an effort to locate Jim is clearly erroneous; and if not clearly erroneous, whether the district court was correct in dismissing appellant's petition on the ground that the state had no obligation to conduct an investigation, absent reasonable leads. We find that the district court was not in error when it found that under the circumstances of this case the state had no reasonable leads.

As to the state's duty to conduct an investigation concerning the whereabouts of Jim, we again note that Jim was not a paid informant and indeed his status as an informant at all is questionable. The state possessed no reasonable leads to follow in an effort to fully identify him. Appellant had as much knowledge of Jim's identity as did the state. Appellant's defense was one of misidentification rather than entrapment. Jim was not the sole witness to the January 8, 1975 LSD sales. The sales were made to the officers and not to Jim. The likelihood of misidentification is further attenuated by the fact that three additional LSD sales were later made by appellant to these same officers without any assistance from Jim. Under these circumstances the state did not have the obligation to make any further investigation in order to fully identify Jim and the district court properly dismissed appellant's petition for a writ of habeas corpus.

The order of the district court is affirmed.